OPINION
{¶ 1} Appellant Shane Adams appeals from the decision of the Juvenile Division of the Mahoning County Common Pleas Court which adjudicated him delinquent in Case Nos. 00JA1318 and 01JA1817. The issues before this court are: 1) whether the admissions were entered into knowingly, intelligently and voluntarily; and 2) whether the juvenile court was required to hold a competency hearing. For the reasons stated below, the sentence in Case No. 00JA1318 is affirmed, however, the sentence in Case No. 01JA1817 is vacated and this case is remanded.
 STATEMENT OF CASE {¶ 2} This appeal arises from two juvenile cases, Case Nos. 00JA1318 and 01JA1817. In Case No. 00JA1318 the state charged Adams with burglary, a felony in the second degree if committed by an adult. Adams entered an admission to the burglary charge. The court accepted the admission, finding it was entered voluntarily and intelligently. Adams was adjudicated delinquent and a psychological evaluation was prepared by the DE Clinic. After considering the evaluation, the court sentenced Adams to a minimum of one year, but suspended the commitment and placed him on probation.
 {¶ 3} In Case No. 01JA1817 the state charged Adams with assault, a first degree misdemeanor if committed by an adult. Adams entered an admission to the charge; the court accepted the admission and committed him for 60 days, credited him for 23 days, and suspended the remainder. The court further found that Adams violated the terms of his probation and reimposed the previously suspended sentence of one year for Case No. 00JA1318.
 {¶ 4} Adams timely appealed from the above adjudications in appellate Case Nos. 01CA237, 01CA238 and 02CA120. The cases were consolidated and Adams raises four assignments of error.
 {¶ 5} At the outset, we note that in Case No. 01JA1817 the juvenile court merely adopted the decision of the magistrate without entering a judgment of its own. As we have previously stated, this is reversible error. Walker v. Estate of Walker, 7th Dist. No. 00CA208,2001-Ohio-3431; Harkins v. Wasiloski (Dec. 5, 2001), 7th Dist. No. 00CA9; Muzenic v. Muzenic (June 6, 2000), 7th Dist. No. 95CA181. The mere adoption of a magistrate's decision without entering a judgment defining the rights and obligations of the parties is not a final order. Walker, 7th Dist. No. 00CA208; Harkins, 7th Dist. No. 00CA9; Muzenic, 7th Dist. No. 95CA181. However, due to the expedited nature of this case and the fact that neither party has raised this issue, we forgo raising the issue sua sponte and choose to resolve the matter on the merits. In re Ohm (May 29, 1998), 4th Dist. No. 97CA2290. Yet we take this opportunity to once again remind the trial court that compliance with Civ.R. 54(A) is mandatory. Id.; Walker, 7th Dist. No. 00CA208; Harkins, 7th Dist. No. 00CA9; Muzenic, 7th Dist. No. 95CA181.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 6} "The Trial Court Erred When It Accepted Shane Adams' Admission Because Shane's Plea Was Not Knowing, Intelligent, And Voluntary Under The Fifth And Fourteenth Amendments To The United States Constitution, Article I, Section 16 Of The Ohio Constitution And Juv.R. 29."
 {¶ 7} Adams argues that in Case Nos. 00JA1318 and 01JA1817 the juvenile court did not substantially comply with Juv.R. 29 and, as such, the admissions were not voluntarily or intelligently made. Accordingly, Adams insists that the admissions must be vacated and the cases remanded.
 {¶ 8} Juv.R. 29(D) imposes a positive obligation upon the trial court to make certain determinations before accepting an admission from a party. The court cannot accept an admission without first addressing the juvenile personally and determining that he or she is making the admission voluntarily, with an understanding of the nature of the allegations and the consequences of entering the admission. Juv.R. 29(D)(1). Furthermore, the court must determine that the juvenile understands that by entering an admission he or she is waiving the right to challenge the witnesses and evidence against him or her, the right to remain silent, and to introduce evidence at the adjudicatory hearing. Juv.R. 29(D)(2). The juvenile court's failure to substantially comply with the requirements of Juv.R. 29 constitutes prejudicial error that requires reversal of the adjudication in order to permit the party to plead anew. In re Beechler (1996), 115 Ohio App.3d 567, 573.
 CASE NO. 00JA1318 {¶ 9} Concerning the requirement in Juv.R. 29(D)(1) that the trial court must determine if the child understands the nature of the allegations against him and the consequences of the admission, the following colloquy occurred between the court and Adams:
 {¶ 10} "THE COURT: You do? That's your desire and intent, to enter a plea now to this charge of burglary?
 {¶ 11} "DELINQUENT CHILD: Yeah." (8/24/00 Tr. 4).
 {¶ 12} Absent from this discussion is an explanation of the elements of burglary or a reading of the complaint. However, the court is not required to give a detailed explanation of each element of the offense brought against the juvenile or to ask if the juvenile understands the charge, but instead it must ensure that the juvenile has some basic understanding of the charge. In re Flynn (1995),101 Ohio App.3d 778, 782.
 {¶ 13} The analysis employed in determining whether the juvenile has a basic understanding of the charge is similar to that used in Crim.R. 11 determinations of whether the criminal defendant has an understanding of the nature of the charges against him. In re Jordan, 11th Dist. No. 2001-T-0067, 2002-Ohio-2820, at ¶ 10. Under Crim.R. 11 a familiarity with the facts alleged relating to each count of the crime charged is enough to provide the defendant with knowledge of the nature of the crime. State v. Philpott (Dec. 14, 2000), 8th Dist. No. 74392, citing State v. Elofskey (May 6, 1994), 2d Dist. No. 13970. "Under some circumstances, the trial court may be justified in concluding that a defendant" has gained this knowledge or understanding of the charges "from sources other than the lips of the trial court." State v. Reeves, 2d Dist. No. 2002-CA-9, 2002-Ohio-4810, at ¶ 19 (adding for support the fact that defendant signed a no-contest petition stating that he had received the indictment and had read it and understood it), quoting Statev. Ferrell (Oct. 23, 1998), 2d Dist. No. 97CA114, quoting State v.Rainey (1982), 3 Ohio App.3d 441, 442; State v. Blair (1998),128 Ohio App.3d 435, 437-438 (reasoning that in order to demonstrate compliance with Crim.R. 11, the record must establish that someone provided the defendant with an understanding of the nature of the charge against him).
 {¶ 14} The following discussion between Mr. Rich, Adams' counsel, the court, and Adams, indicates that Adams gained an understanding of the factual circumstances surrounding the charges from Mr. Rich and that based upon these facts, the police reports, the witness' statement and his own statement that he wished to enter an admission to the charge.
 {¶ 15} "MR. RICH: * * * It is our understanding and agreement that we would withdraw and enter a plea of not guilty and enter an admission to the burglary charge which is 00JA1318. I would further acknowledge that there is a factual basis for the plea and ultimate conviction on the burglary charge based on the police reports, witness's statement, and defendant's statement to the police at the time of arrest.
 {¶ 16} "THE COURT: Now with regard to the State's motion to dismiss 1324, I'll grant that with the finding of probable cause for issuance of the complaint. With regard to the other matters, do you understand, Shane, at this point what your lawyer has stated?
 {¶ 17} "DELINQUENT CHILD: Yeah.
 {¶ 18} "* * *
 {¶ 19} "THE COURT: Mr. Rich, you have gone through all the factual bases as you have stated?
 {¶ 20} "MR. RICH: Yes.
 {¶ 21} "THE COURT: Any questions to the Court at this time?
 {¶ 22} "DELINQUENT CHILD: No." (8/24/00 Tr. 3, 7).
 {¶ 23} The above discussion conveyed to the juvenile court that Adams had a basic understanding of the charges against him; therefore, the court was not required to go through a superfluous explanation of the elements of burglary or the alleged factual circumstances surrounding the charge. Thus, we conclude that the requirements in Juv.R. 29(D)(1) were met. However, the juvenile court must also comply with Juv.R. 29(D)(2).
 {¶ 24} Juv.R. 29(D)(2) requires the court to explain the constitutional rights the juvenile will be waiving by entering an admission to the charge. That is, the court must explain that entering an admission waives the right to challenge the witnesses and evidence against him, waives the right to remain silent, and waives the right to introduce evidence at the adjudicatory hearing.
 {¶ 25} The juvenile court asked Adams if he understood that he had the right to a trial in all of the cases. (8/24/00 Tr. 4). Adams was asked if he understood that he could make the prosecutor present evidence and prove to the court the case against him by presenting evidence and witnesses. (8/24/00 Tr. 4-5). The court asked Adams if he understood that by entering a plea he was giving up that right. (8/24/00 Tr. 5). Adams was asked if he understood that a trial meant that he could cross-examine, question and confront the witnesses against him. (8/24/00 Tr. 5). He was also asked if he understood that nobody could make him testify against himself at trial. (8/24/00 Tr. 5). Adams answered "yes" or "yeah" to all of the questions indicating that he understood his rights.
 {¶ 26} The above referenced dialog indicates that Adams was informed of the rights enumerated in Juv.R. 29(D)(2). Adams, however, argues that since he only answered "yes" or "yeah" to these questions, the court should have made a further inquiry to determine that he was making a knowing, intelligent and voluntary waiver of his constitutional rights. There is no requirement that when a juvenile answers the court's question in a one word affirmative response, that the court must make additional inquiries to ensure that the juvenile understands the right he is waiving. The court's questions in this situation were informative and only called for a yes or no answer. While it could be seen as a better practice for the court to ask open ended questions which would thereby require the juvenile to explain to the court the right he is waiving, neither the rule nor case law requires this. Furthermore in this situation, the court had no reason to doubt Adams' answers that he understood the rights he was waiving. The juvenile court specifically notes that 20 days prior to this hearing, Adams was explained his rights and, in fact, he chose to invoke some of those rights to protect himself and he also chose to waive some of those rights at that time. (8/24/00 Tr. 4). Therefore, given all the above referenced information, the juvenile court complied with the constitutional mandates in Juv.R. 29(D)(2). The juvenile court substantially complied with both prongs of Juv.R. 29 and, accordingly, the admission was entered into knowingly, voluntarily and intelligently. This assignment of error lacks merit as to Case No. 00JA1318.
 CASE NO. 01JA1817 {¶ 27} The state and Adams are in agreement that in Case No. 01JA1817 the court failed to substantially comply with Juv.R. 29 and the admission must be vacated and the case remanded. The parties are correct that Juv.R. 29 was not minimally complied with in Case No. 01JA1817. Adams was only informed that if he entered a plea he would not have the right to a trial. (11/15/01 Tr. 3, 4). It was not explained to him that by entering a plea he would be waiving the other constitutional rights referenced in Juv.R. 29(D)(2). A juvenile court's failure to substantially comply with Juv.R. 29 results in prejudicial error, thus requiring vacation of the admission and a remand for further proceedings. In re Royal (1999), 132 Ohio App.3d 496. As to Case No. 01JA1817, this assignment of error has merit and the sentence must be vacated and the case remanded for further proceedings consistent with the law.
ASSIGNMENT OF ERROR NUMBER TWO
 {¶ 28} "Shane Adams Was Denied His Right To Due Process Of Law As Guaranteed By The Fifth And Fourteenth Amendments To The United States Constitution, And Article I, Section 16 Of The Ohio Constitution In That He Was Adjudicated Delinquent While Incompetent To Stand Trial."
 {¶ 29} Adams' argues the juvenile court erred when it failed to sua sponte hold a hearing to determine whether he was competent to stand trial. However, Adams failed to raise the issue of his competency to the juvenile court, therefore, in order to prevail under this assignment of error he must show plain error. In re Staten, 7th Dist. No. 01AP0753,2001-Ohio-3494. "Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise." State v. Wogenstahl, 75 Ohio St.3d 344, 357, 1996-Ohio-219. "A court's decision regarding the competency of an individual to stand trial will always be outcome-determinative in the most fundamental sense." Staten, 7th Dist. No. 01AP0753, quoting In re Williams,116 Ohio App.3d 237, 241.
 {¶ 30} Consistent with the notion of fundamental fairness and due process, a criminal defendant who is not competent may not be tried and convicted. Pate v. Robinson (1966), 383 U.S. 375; State v. Braden,98 Ohio St.3d 354, 374, 2003-Ohio-1325, citing State v. Berry,72 Ohio St.3d 354, 1995-Ohio-310; Williams, 116 Ohio App.3d 237. Likewise, in juvenile proceedings, a juvenile who is not competent may not be adjudicated. In re Bailey, 150 Ohio App.3d 664, 667,2002-Ohio-6792.
 {¶ 31} The Fourteenth Amendment's test for competency to stand trial is "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as a factual understanding of the proceedings against him." Williams,116 Ohio App.3d at 241-242, quoting Dusky v. United States (1960), 362 U.S. 402. Under Ohio's codification of this standard, "a defendant is presumed to be competent unless it is demonstrated by a preponderance of the evidence that he is incapable of understanding the nature and objective of the proceedings against him or of presently assisting in his defense."Williams, 116 Ohio App.3d at 241-242; R.C. 2945.37(G). While Juv.R. 32(A)(4) provides that the court may order a mental examination where the issue of competency has been raised, it provides no standard to guide competency determinations in juvenile proceedings. However, the standard enunciated in R.C. 2945.37(G) has been held to govern the competency evaluations of juveniles so long as it is applied in light of juvenile rather than adult norms. Bailey, 150 Ohio App.3d at 667.
 {¶ 32} R.C. 2945.37 states that if the issue of a defendant's competence is raised before trial, "the court shall hold a hearing on the issue as provided in this section, but if the issue is raised after the trial has commenced, the court shall hold a hearing on the issue only for good cause shown or on the court's own motion." The statute does not provide a process for determining when the court must hold a competency hearing after the defendant has entered a guilty plea. However, case law dictates that a defendant who pleads guilty is not entitled to a subsequent competency hearing when the record does not contain "sufficient indicia of incompetence." State v. Hall (Feb. 25, 2000), 4th Dist. No. 99CA847. As such, our review of this issue becomes whether the record contained "sufficient indicia of incompetence" that put the juvenile court on notice that it should have sua sponte held a competency hearing.
 {¶ 33} Adams argues that his low intelligence constitutes "sufficient indicia of incompetence." The Psychological Evaluation Report states that Adams is in the high "mild mental retardation" to low "borderline intellectual functioning" range. However, the evaluation does not state that Adams is incompetent. Having a mental illness or being mentally retarded is not, in itself, enough to support a claim of incompetence. Id.; State v. Lewis (July 19, 1999), 12th Dist. No. CA98-01-207; State v. Settles (Sept. 30, 1998), 3d Dist. No. 13-97-50, citing Penry v. Lynaugh (1989), 492 U.S. 302. See Atkins v. Virginia
(2002), 536 U.S. 304. Rather, competence to stand trial is concerned with the ability of the defendant to understand the proceedings before him and assist in his defense. State v. Reeder (Nov. 30, 1998), 12th Dist. No. CA97-12-013. Therefore, a defendant being mentally retarded does not per se raise "sufficient indicia of incompetence" as to require the trial court to sua sponte raise competency and order a hearing. Hall, 4th Dist. No. 99CA847.
 {¶ 34} Adams also argues that the third paragraph of the Psychological Evaluation Report raises "sufficient indicia of incompetence" to the juvenile court, therefore requiring it to hold a competency hearing. In the third paragraph, the report indicates that Adams claims that he lives "with his mother on the south side of Youngstown." When asked where his father lived he answered "with his mother in Warren." Adams argues that these answers do not make sense because how can Adams live with his mother in Youngstown, while at the same time he is claiming that his father lives with his mother in Warren.
 {¶ 35} Adams' argument that these statements display "sufficient indicia of incompetence" is unpersuasive. The logical conclusion drawn from the statements Adams makes to the evaluator is that Adams lives with his mother in Youngstown and his father lives with his grandmother in Warren. The report in no way indicates that what Adams was saying to the evaluator was confused or illogical. As such, we cannot conclude that these statements raise "sufficient indicia of incompetence."
 {¶ 36} Therefore, taking the evaluation in conjunction with the hearing transcripts, the record does not demonstrate "sufficient indicia of incompetence," as to require the trial court to sua sponte hold a competency hearing. As stated under assignment of error number one, the record reflects that Adams participated in and understood the proceedings. Even though the questions asked by the court were closed ended and Adams' responses were "yes" or "yeah," there is no indication in the record that he was not competent. The record does not indicate that Adams misbehaved in court or acted in a way that might indicate that he was incompetent. Without "sufficient indicia of incompetence" in the record, any error on the part of the trial court in failing to hold a competency hearing is harmless error. Id. Consequently, this assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER THREE
 {¶ 37} "Shane Adams Was Denied The Effective Assistance Of Counsel As Guaranteed By The Sixth And Fourteenth Amendments To The United States Constitution And Article I, Section 16 Of The Ohio Constitution."
 {¶ 38} A reviewing court must initially embrace the presumption that the conduct of trial counsel falls within the wide range of reasonable professional assistance. State v. Thompson (1987),33 Ohio St.3d 1, 10. That presumption is eroded pursuant to a two-prong test to determine if counsel was ineffective. Strickland v. Washington
(1984), 466 U.S. 668, 687; State v. Bradley (1989), 42 Ohio St.3d 136. The first prong requires appellant to show that counsel's performance fell below an objective standard of reasonable professional competence.Strickland, 466 U.S. 668, 686; Thompson, 33 Ohio St.3d at 10. The second prong requires appellant to show that there is a reasonable probability that counsel's unprofessional error prejudiced appellant so as to deprive him of a fair trial. Strickland, 466 U.S. at 687-688, 690-691.
 {¶ 39} Adams argues that counsel was ineffective for failing to raise his alleged incompetence. The state argues that the record does not establish that a competency evaluation was necessary and the Ohio Supreme Court has affirmed convictions for criminal defendants with an I.Q. of 63. State v. Jenkins (1984), 15 Ohio St.3d 164.
 {¶ 40} If the record does not display "sufficient indicia of incompetence" as to warrant a competency hearing, then counsel's failure to request the trial court to order a competency hearing does not constitute deficient performance. State v. Thomas, 97 Ohio St.3d 309,316, 2002-Ohio-6624, at ¶ 41. "The mere fact that a psychological test that was administered after the appellant was found delinquent showed that he had a low IQ * * * is not enough to demonstrate that appellant's trial attorney was deficient in his performance by not requesting a competency hearing." In re York (2001), 142 Ohio App.3d 524,537. Therefore, in accordance with the above cited law, our conclusion under assignment of error number two, that the record does not contain "sufficient indicia of incompetence" as to require a competency hearing, renders the arguments raised in this assignment of error meritless.
 ASSIGNMENT OF ERROR NUMBER FOUR {¶ 41} "The Juvenile Court Erred When It Sentenced Shane Adams To Secure Detention In Violation Of R.C. 2151.355, 2151.34, And 2151.65."
 {¶ 42} Adams' argues that the juvenile court erred when it sentenced him to secured detention in Case No. 01JA1817. The disposition of assignment of error number one renders the arguments raised in this assignment of error moot. Accordingly, we decline from addressing the issues raised in this assignment of error.
 {¶ 43} For the foregoing reasons, the sentence in Case No. 00JA1318 is hereby affirmed. However, the sentence in Case No. 01JA1817 is hereby vacated and this case is remanded to the juvenile court for further proceedings according to law and consistent with this Court's opinion.
Waite, P.J., concurs.
Donofrio, J., concurs.