OPINION
{¶ 1} On August 16, 2002, B.M.R., a minor, was charged by complaint in the Miami County Court of Common Pleas, Juvenile Division, with delinquency due to having committed rape of a five-year old child on August 1, 2002. B.M.R. denied the charge. On October 1, 2002, B.M.R.'s attorney requested a competency hearing. The trial court ordered B.M.R. to undergo a psychological evaluation by Dr. Fred Sacks. Dr. Sacks submitted an evaluation report, which indicated, in part, that B.M.R. was able to "assist his legal representative." B.M.R. did not stipulate to the findings in Dr. Sacks's report, nor was an evidentiary hearing held. On February 21, 2003, B.M.R. changed his plea and admitted to the allegations in the complaint. On June 17, 2003, the trial court found B.M.R. to be delinquent for rape, a felony of the first degree in violation of R.C. 2907.02(A)(1), and ordered him to complete treatment at the Marsh Foundation. The court imposed a suspended commitment to the Department of Youth Services ("DYS"), which was conditioned on the completion of treatment and that he not violate any court order or law. Reed was found to be a juvenile sexual offender registrant but the court indicated that he had no duty to register. On December 3, 2004, after violation of the conditions set by the court, the court committed B.M.R. to the DYS for a minimum of twelve months, maximum to his twenty-first birthday.
 {¶ 2} In this consolidated appeal, B.M.R. appeals from two judgments of the Miami County Court of Common Pleas, Juvenile Division. In Case No. 2005-CA-18, B.M.R. appeals from the trial court's June 17, 2003, judgment entry which adjudicated him delinquent. In Case No. 2005-CA-1, he appeals from the trial court's December 3, 2004, judgment entry, which committed him to the DYS.
 {¶ 3} As an initial matter, the state asserts that B.M.R.'s appeal from the trial court's June 17, 2003, judgment is untimely. It asserts that, under App.R. 4, B.M.R. had thirty days from the filing of the judgment to file an appeal; however, B.M.R. did not appeal that judgment until May 16, 2005, nearly two years later.
 {¶ 4} App.R. 4(A) provides: "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure." The Supreme Court of Ohio has held that juvenile court proceedings are civil in nature and are subject to the Civ.R. 58(B) requirements concerning service and recording of service in the docket. In re Anderson,92 Ohio St.3d 63, 2001-Ohio-131, 748 N.E.2d 67; In re Bays, Greene App. Nos. 2002-CA-52 2002-CA-56, 2003-Ohio-1256, ¶ 5, n. 3. Civ.R. 58(B) requires the court to endorse on its judgment "a direction to the clerk to serve upon all parties * * * notice of the judgment and its date of entry upon the journal." Within three days of entering judgment upon the journal, the clerk must serve the parties and note the service in the appearance docket. Id. "It is the service of notice, and adequate proof thereof, and not actual notice that is required by Civ.R. 58(B)." In reA.A., Cuyahoga App. No. 85002, 2005-Ohio-2618, ¶ 13.
 {¶ 5} In the present case, the June 17, 2003, judgment did not explicitly direct the clerk to serve all parties with the notice of judgment and its date of entry upon the journal. Rather, the judgment indicated that several individuals and entities were to be carbon-copied. The means of service was indicated in handwriting beside each name, and the names were checked off with the handwritten date and initials "6/17/03 dmp" beside the list. In our judgment, the direction to carbon-copy the parties is sufficient to satisfy the court's requirement to "endorse * * * a direction to the clerk to serve upon all parties * * * notice of the judgment and its date of entry upon the journal." See Inre Aldridge, Ross App. No. 02CA2661, 2002-Ohio-5988, ¶ 13. However, as stated by Fourth District Court of Appeals, "the better practice is to specifically direct the clerk to serve the parties in accordance with Civ.R. 58(B)." Id.
 {¶ 6} Although the "cc:" notation may be sufficient to satisfy the endorsement requirement of Civ.R. 58(B), there is no indication in the record as to when the judgment was journalized, nor is there any indication that the service was noted in the appearance docket, as required by Civ.R. 58(B). Id. Accordingly, the requirements of Civ.R. 58(B) have not been met, and B.M.R.'s time for filing a notice of appeal has not yet expired. Consequently, B.M.R.'s appeal from the June 17, 2003, judgment is timely.
 {¶ 7} B.M.R. raises three assignments of error on appeal.
 {¶ 8} I. "THE TRIAL COURT ERRED TO THE PREJUDICE OF [B.M.R.] BY FAILING TO HOLD A COMPETENCY HEARING WHEN THE ISSUE WAS RAISED BEFORE THE TRIAL COMMENCED."
 {¶ 9} In his first assignment of error, B.M.R. claims that the trial court erred when it failed to hold a competency hearing, as required by R.C. 2945.37.
 {¶ 10} In accordance with due process, a criminal defendant who is not competent may not be tried or convicted. Pate v. Robinson (1966),383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815; State v. Berry,72 Ohio St.3d 354, 1995-Ohio-310, 650 N.E.2d 433; In re Williams (1997),116 Ohio App.3d 237, 687 N.E.2d 507. Although B.M.R. is not a criminal defendant, "the right not to be tried or convicted while incompetent" is as fundamental in juvenile proceedings as it is in criminal trials of adults. In re Williams, supra; In re Bailey, 150 Ohio App.3d 664, 667,2002-Ohio-6792, 782 N.E.2d 1177.
 {¶ 11} Under the Fourteenth Amendment to the United States Constitution, the test for determining whether a defendant is competent to stand trial is "whether the defendant `has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him.'" Dusky v. United States
(1960), 362 U.S. 402, 402, 80 S.Ct. 788, 4 L.Ed.2d 824; State v. Were,94 Ohio St.3d 173, 174, 2002-Ohio-481, 761 N.E.2d 591; Williams,116 Ohio App.3d at 241-42. This standard has been codified in R.C.2945.37(G), which provides:
 {¶ 12} "A defendant is presumed to be competent to stand trial. If, after a hearing, the court finds by a preponderance of the evidence that, because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense, the court shall find the defendant incompetent to stand trial and shall enter an order authorized by section 2945.38 of the Revised Code."
 {¶ 13} The standard enunciated in R.C. 2945.37(G) governs the competency evaluations of juveniles, so long as it is applied in light of juvenile rather than adult norms. In re Johnson (Oct. 25, 1983), Montgomery App. No. 7998; Williams, supra.
 {¶ 14} Juv.R. 32(A)(4) provides that the court may order a mental examination where the issue of competency has been raised. Bailey,150 Ohio App.3d at 667. "If the issue of competency is properly raised before trial, the trial court must hold a hearing on that issue and after considering the evidence presented by the parties at that hearing make a finding as to defendant's competency. R.C. 2945.37(B), (C), (D), (E), and (G)." Id. at 668; see State v. Ahmed, 103 Ohio St.3d 27, 37,2004-Ohio-4190, 813 N.E.2d 637, at ¶ 64 ("R.C. 2945.37 requires a competency hearing if a request is made before trial."); Were,94 Ohio St.3d at 174.
 {¶ 15} In Bailey, the juvenile's counsel timely raised the issue of the child's competency. A hearing was held on the matter, during which Bailey and the prosecutor presented evidence. The psychologist who had examined Bailey opined that, although he was not competent to stand trial in an adult criminal proceeding, he was competent for purposes of entering an admission to the offense in juvenile court. After the completion of the psychologist's testimony, Bailey entered into a negotiated plea with the state. The trial court accepted Bailey's plea, found him delinquent, and committed him to the DYS for a period of four years. The court did not make a finding as to Bailey's competence. On appeal, we reversed the delinquency adjudication, reasoning that "[t]he juvenile court's failure to make a determination on the competency issue violates R.C. 2945.37 and Bailey's due process rights."
 {¶ 16} We find Bailey to be instructive, if not dispositive. As inBailey, B.M.R.'s counsel raised the issue of B.M.R.'s competence in a timely fashion. In accordance with Juv.R. 32(A)(4), the trial court ordered a mental examination. Although Dr. Sacks submitted an evaluation report, no further action was taken to determine whether B.M.R. was competent — the parties did not stipulate to B.M.R.'s competence, the trial court did not hold a hearing to evaluate B.M.R.'s competence, and the trial court made no findings regarding B.M.R.'s competence. In the absence of a stipulation by B.M.R. to his competence, R.C. 2945.37
required a hearing. Ahmed, supra. Moreover, the trial court's failure to make a determination on the issue of B.M.R.'s competence violated R.C.2945.37 and B.M.R.'s due process rights. Bailey, 150 Ohio App.3d at 668. The fact that B.M.R. subsequently entered an admission to the rape charge did not constitute a waiver of his right to a competency determination, nor was the trial court permitted to accept B.M.R.'s admission without first determining his competence to do so. Id.
 {¶ 17} The state asserts that the trial court's failure to hold a competency hearing was harmless error, because B.M.R. could not have proven by a preponderance of the evidence that he was incompetent. It states that, if the court had conducted a hearing and if Dr. Sacks had testified consistently with his report, then the trial court would have found that B.M.R. was competent.
 {¶ 18} We will not speculate as to the evidence that might have been presented at a competency hearing if one had been held. At such a hearing, Dr. Sacks would have been subject to cross-examination, and B.M.R. might have challenged whether Dr. Sacks had used the proper diagnostic techniques and the correct legal standards in determining that B.M.R. was capable of assisting in his own defense. Williams, supra. Suffice it to say, the fact that the trial court could have concluded, upon consideration of Dr. Sacks's written evaluation, that B.M.R. was competent does not excuse the trial court's failure to afford B.M.R. his statutory and constitutional rights. See Were, supra (holding that the trial court erred when it concluded, based on the examiner's written report and without a defense stipulation or a hearing on the matter, that the defendant was competent).
 {¶ 19} The first assignment of error is sustained.
 {¶ 20} II. "THE TRIAL COURT ERRED TO THE PREJUDICE OF [B.M.R.] BY ACCEPTING PLEAS THAT WERE NOT KNOWING, INTELLIGENT, AND VOLUNTARY."
 {¶ 21} III. "[B.M.R.] WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION SIXTEEN, ARTICLE ONE OF THE OHIO CONSTITUTION."
 {¶ 22} In light of our ruling on the first assignment of error, the second and third assignments are rendered moot.
 {¶ 23} The June 17, 2003, judgment of the juvenile court finding B.M.R. to be delinquent will be reversed; the December 3, 2004, judgment of the juvenile court will be vacated; and the case will be remanded for further proceedings.
Fain, J. and Donovan, J., concur.
(Hon. Frederick N. Young retired from the Second District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).