In re B.M.S.

[Cite as In re B.M.S., 165 Ohio App.3d 609, 2006-Ohio-981.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 2005–CA–103.

Decided March 3, 2006.

610

Stephen A. Schumaker, Clark County Prosecuting Attorney, and William H. Lamb, Assistant Prosecuting Attorney, for appellee.

David H. Bodiker, Ohio Public Defender, and Amanda J. Powell, Assistant State Public Defender, for appellant.

---

Brogan, Judge.

{¶ 1} This is an appeal from a finding of delinquency of a 13-year-old boy, whom we will refer to as B.M.S. in this appeal. B.M.S. was adjudicated a delinquent by the Clark County Juvenile Court for committing rape.

{¶ 2} These proceedings began in December 2004. Counsel for B.M.S. requested that the court conduct an examination of B.M.S. to determine whether he was competent to stand trial. The trial court ordered that B.M.S. be examined for competency by Dr. Philip J. Gibeau. Dr. Gibeau filed a written report of his findings on April 10, 2005, after conducting an examination of B.M.S.

{¶ 3} Dr. Gibeau stated the following in his report:

{¶ 4} "Overall, I find B.M.S. to be slow but capable of understanding the nature and objectives of the proceedings against him. He may be slow in assisting his defense due to the embarrassment caused by his actions to his nephew. His immaturity indicates he will be dependent upon his attorney for fully understanding the proceedings against him. It is my belief that his competency is equivalent to his age." In the evaluation's summary, Dr. Gibeau stated, "[B.M.S.'s] competency is highly suspect."

{¶ 5} On June 22, 2005, B.M.S. appeared in court for adjudication. His parents and his defense counsel, Noel E. Kaech, also appeared in court. The magistrate informed B.M.S. that "the consequences" in his case would be "up to 90 days in detention." The magistrate did not explain to B.M.S. that he could be placed in the custody of the Department of Youth Services ("DYS"). B.M.S. entered an admission to the charge. The magistrate found B.M.S. delinquent and scheduled the disposition to occur on August 17, 2005.

{¶ 6} At disposition, B.M.S.'s parents were present, but his counsel was not. The trial judge committed B.M.S. to the custody of DYS for one year, imposed a $50 fine and costs, ordered him to be placed on indefinite probation after his release, and ordered him to complete juvenile-sex-offender treatment. On September 23, 2005, B.M.S. filed a notice of appeal. On October 13, 2005, this court ordered the appeal to be expedited for review and determination.

{¶ 7} In his first assignment, B.M.S. contends that the trial court violated his statutory and constitutional rights when it failed to conduct a competency

hearing when the competency issue was raised before the adjudication hearing was commenced. The state argues that the trial court's error was harmless because Dr. Gibeau determined that B.M.S. was competent to stand trial as a juvenile.

{¶ 8} In the case of *In re Bailey*, 150 Ohio App.3d 664, 2002-Ohio-6792, 782 N.E.2d 1177, we held that the juvenile court's failure to make a determination as to a juvenile offender's claim of incompetency violated R.C. 2945.37 and the juvenile's right to due process of law. We required reversal of the juvenile's adjudication as a delinquent based upon his admission to an aggravated robbery with a firearm specification, when the juvenile timely raised the competency issue, and the court held a hearing but made no finding.

{¶ 9} Recently, we came to the same conclusion in *In re B.M.R.*, Miami App. Nos. 2005 CA 1 and 2005 CA 18, 2005-Ohio-5911, 2005 WL 2978951. Judge Frederick Young wrote on behalf of this court:

{¶ 10} "Juv.R. 32(A)(4) provides that the court may order a mental examination where the issue of competency has been raised. *Bailey*, 150 Ohio App.3d at 667 [782 N.E.2d 1177]. 'If the issue of competency is properly raised before trial, the trial court must hold a hearing on that issue and after considering the evidence presented by the parties at that hearing make a finding as to defendant's competency. R.C. 2945.37(B), (C), (D), (E), and (G).' Id. at 668 [782 N.E.2d 1177]; see *State v. Ahmed*, 103 Ohio St.3d 27, 37, 2004-Ohio-4190, 813 N.E.2d 637, at ¶ 64 ('R.C. 2945.37 requires a competency hearing if a request is made before trial'); [*State v.*] *Were* [ (2002) ], 94 Ohio St.3d [173], at 174 [761 N.E.2d 591].

{¶ 11} "In *Bailey*, the juvenile's counsel timely raised the issue of the child's competency. A hearing was held on the matter, during which Bailey and the prosecutor presented evidence. The psychologist who had examined Bailey opined that, although he was not competent to stand trial in an adult criminal proceeding, he was competent for purposes of entering an admission to the offense in juvenile court. After the completion of the psychologist's testimony, Bailey entered into a negotiated plea with the state. The trial court accepted Bailey's plea, found him delinquent, and committed him to the DYS for a period of four years. The court did not make a finding as to Bailey's competence. On appeal, we reversed the delinquency adjudication, reasoning that 'the juvenile court's failure to make a determination on the competency issue violates R.C. 2945.37 and Bailey's due process rights.'

{¶ 12} "We find *Bailey* to be instructive, if not dispositive. As in *Bailey*, B.M.R.'s counsel raised the issue of B.M.R.'s competence in a timely fashion. In accordance with Juv.R. 32(A)(4), the trial court ordered a mental examination. Although Dr. Sacks submitted an evaluation report, no further action was taken to determine whether B.M.R. was competent—the parties did not stipulate to

B.M.R.'s competence, the trial court did not hold a hearing to evaluate B.M.R.'s competence, and the trial court made no findings regarding B.M.R.'s competence. In the absence of a stipulation by B.M.R. to his competence, R.C. 2945.37 required a hearing. *Ahmed,* supra [103 Ohio St.3d 27, 813 N.E.2d 637]. Moreover, the trial court's failure to make a determination on the issue of B.M.R.'s competence violated R.C. 2945.37 and B.M.R.'s due process rights. *Bailey,* 150 Ohio App.3d at 668 [782 N.E.2d 1177]. *The fact that B.M.R. subsequently entered an admission to the rape charge did not constitute a waiver of his right to a competency determination, nor was the trial court permitted to accept B.M.R.'s admission without first determining his competence to do so. Id.*

{¶ 13} "The State asserts that the trial court's failure to hold a competency hearing was harmless error, because B.M.R. could not have proven by a preponderance of the evidence that he was incompetent. It states that, if the court had conducted a hearing and if Dr. Sacks had testified consistently with his report, then the trial court would have found that B.M.R. was competent.

{¶ 14} "We will not speculate as to the evidence that might have been presented at a competency hearing if one had been held. At such a hearing, Dr. Sacks would have been subject to cross-examination, and B.M.R. might have challenged whether Dr. Sacks had used the proper diagnostic techniques and the correct legal standards in determining that B.M.R. was capable of assisting in his own defense. [*In re*] *Williams* [ (1997), 116 Ohio App.3d 237, 687 N.E.2d 507]. Suffice it to say, the fact that the trial court could have concluded, upon consideration of Dr. Sack's written evaluation, that B.M.R. was competent does not excuse the trial court's failure to afford B.M.R. his statutory and constitutional rights. See *Were,* supra [94 Ohio St.3d 173, 761 N.E.2d 591] (holding that the trial court erred when it concluded, based on the examiner's written report and without a defense stipulation or a hearing on the matter, that the defendant was competent)." (Emphasis added.) *In re B.M.R.,* 2005-Ohio-5911, 2005 WL 2978951, ¶ 14–18.

{¶ 15} Accordingly, we do not hold the trial court's failure to conduct a competency hearing to be harmless error. Indeed, Dr. Gibeau noted in his report that B.M.S.'s competency was "highly suspect." The trial court must conduct an appropriate hearing and make the necessary finding before a juvenile's admission at an adjudication hearing can be accepted. The first assignment of error is sustained.

■ {¶ 16} In his second assignment of error, B.M.S. argues that his admission to the rape was not knowingly, voluntarily, or intelligently made, in violation of his constitutional rights as well as Juv.R. 29. B.M.S. notes that the magistrate failed to explain the rape charge to him and informed him that he faced no more than 90 days in detention, when in fact he was sentenced to one year in DYS and

placed on indefinite probation. Juv.R. 29(D) notes that the court shall not accept an admission without addressing the juvenile personally and determining that he is making the admission voluntarily, with an understanding of the nature of the allegations and the consequences of the admission. In this case, the magistrate failed to determine whether B.M.S. understood the nature of the rape allegation and also misinformed the juvenile of the consequences of his admission. The second assignment of error is sustained as well.

{¶ 17} In his third assignment, B.M.S. argues that he was denied his constitutional rights to counsel and due process when the juvenile court conducted the dispositional hearing without providing him counsel. The record does not indicate why Mr. Kaech did not appear and represent B.M.S. at the dispositional hearing. The trial court did not obtain a waiver of counsel from B.M.S. Juv.R. 29(B)(4). Juveniles are entitled to representation "at all stages of the proceedings." R.C. 2151.352. *In re Gault* (1967), 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527. The third assignment of error is sustained as well.

{¶ 18} In his fourth assignment, B.M.S. argues that the trial court erred in imposing the $50 fine and costs without determining whether he was able to pay the fine. The state has no objection to this court's modifying the fine to a community-service sanction. We agree that the trial court should have first determined B.M.S.'s ability to pay the fine before imposing it. The fourth assignment of error is also sustained.

{¶ 19} In his fifth assignment, B.M.S. argues that his counsel was constitutionally ineffective for not demanding a competency hearing before his admission was made. This assignment is moot in light of our disposition of the first assignment of error.

{¶ 20} The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

WOLFF and FAIN, JJ., concur.