JOURNAL ENTRY AND OPINION
{¶ 1} Appellant L.M. appeals from the order of the trial court that accepted his admissions to three charges of aggravated robbery as set forth in a delinquency complaint. For the reasons set forth below, we affirm.
 {¶ 2} On September 12, 2006, Cleveland Police filed a delinquency complaint alleging that L.M. is delinquent by reason of having committed three violations of R.C. 2911.01 (aggravated robbery) with one-year and three-year firearm specifications, and two violations of R.C. 2923.24
(possession of criminal tools). *Page 2 
L.M. was arraigned on the charges and, at this time, the offenses were explained to him and he was advised of his constitutional rights.
 {¶ 3} The matter proceeded to a hearing on December 14, 2006. At this time, the magistrate again advised L.M. of his constitutional rights and also explained the possible penalties as follows:
 {¶ 4} "Count No. 1 as charged carries with it a potential term of incarceration at the Ohio Department of Youth Services. Because its an aggravated felony of the first degree, it carries with it in the body of the Complaint a potential term of incarceration of one year and you could be kept at the Ohio Department of Youth Services until you reach the age of 21.
 {¶ 5} "Additionally, the [firearm specification]-although probationable, if it were — if you were to be incarcerated, that would run consecutive to the term of the body of the Complaint subjecting you to a minimum term of incarceration of two years at the Ohio Department of Youth Services and you could be kept there until you turn 21.
 {¶ 6} "* * * [Y]ou face those potential terms of incarceration in Counts 1, 2, and 3. Those three terms could run consecutive or concurrent to each other, you face a minimum of six years at the Ohio Department of Youth Services. *Page 3 
 {¶ 7} "In exchange for that plea, the State of Ohio is proposing the deletion of the three-year firearm specifications in Counts 1, 2, and 3 as well as the nollying of Counts 4 and 5, possession of criminal tools.
 {¶ 8} "* * * [D]o you understand the potential term of incarceration that you face here this morning?
 {¶ 9} "[L.M.]: Yes, your Honor."
 {¶ 10} Thereafter, the state requested to amend the complaint to delete all of the three-year firearm specifications and to dismiss the allegations of possession of criminal tools. The magistrate so amended the complaint and then accepted L.M.'s admission to the remainder of the complaint.
 {¶ 11} The matter proceeded to a dispositional hearing. The trial court concluded that L.M. is delinquent in connection with the remaining allegations and ordered him committed to the Ohio Department of Youth Services for the three aggravated robbery charges for three concurrent indefinite terms "consisting of a minimum of (12) twelve months and a maximum period not to exceed the child's attainment of (21) twenty-one years" plus a consecutive term of an "indefinite term consisting of a minimum of (12) twelve months and a maximum period not to exceed the child's attainment of (21) twenty-one years" for the firearm specifications. L.M. now appeals. *Page 4 
 {¶ 12} For his sole assignment of error, L.M. asserts that the trial court erred in accepting his admission to the amended delinquency complaint because the magistrate improperly explained the possible penalties for the offenses.
 {¶ 13} A plea of true in a Juvenile delinquency matter is governed by Juv.R. 29 which provides in relevant part as follows:
 {¶ 14} "(D) Initial procedure upon entry of an admission. The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 {¶ 15} "(1) The party is making the admission voluntarily with an understanding of the nature of the allegations and consequences of the admission;
 {¶ 16} "(2) The party understands that by entering an admission, the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing."
 {¶ 17} The rule places an affirmative duty upon the juvenile court to personally address the juvenile before the court and determine that the juvenile, and not merely the attorney, understands the nature of the allegations and the consequences of entering the admission. In reBeechler (1996), 115 Ohio App.3d 567, 571, 685 N.E.2d 1257. The court must "conduct an on-the-record discussion to determine whether the admission is being entered knowingly and voluntarily." In re West
(1998), 128 Ohio App.3d 356, 359, 714 N.E.2d 988. *Page 5 
 {¶ 18} The court must substantially comply with the requirements of Juv.R. 29. In re J.J., Summit App. No. 21386, 2004-Ohio-1429; In reStone (April 13, 2005), Coshocton App. No. 04CA013, 2005-Ohio-1831. Substantial compliance means that, under the totality of the circumstances, the defendant subjectively understands the implications of his plea. In re Palmer (Nov. 21, 1996), Franklin App. No. 96APF03-281, quoting State v. Nero (1990), 56 Ohio St.3d 106,564 N.E.2d 474. In re Brooks (1996), 112 Ohio App.3d 54, 57, 677 N.E.2d 1229. The preferable method for ensuring compliance with Juv.R. 29(D) is for a court to follow the language of the rule, "carefully tailored to the child's level of understanding, stopping after each right and asking whether the child understands the right and knows that he is waiving it by entering an admission." In re Miller (1997), 119 Ohio App. 3d 52, at58, 694 N.E.2d 500.
 {¶ 19} If the court fails to substantially comply with Juv.R. 29(D), the adjudication must be reversed so that the minor "may plead anew."In re C. P., 2005-Ohio-1819 Lorain App. Nos. 04CA008534, 04CA008535, citing In re Christopher R. (1995), 101 Ohio App.3d 245, 248,655 N.E.2d 280.
 {¶ 20} As to the possible consequences of the admission, due process considerations mandate that the court inform the juvenile of the dispositional options. In re Hendrickson (1996), 114 Ohio App. 3d 290,683 N.E.2d 76. If the court does not properly apprise the juvenile of the potential commitment, the proceedings may *Page 6 
not substantially comply with Juv.R. 29(D). See In re C.K., Washington App. No. 07CA4, 2007-Ohio-3234; In re B.M.S., 165 Ohio App. 3d 609,2006-Ohio-981, 847 N.E.2d 506. However, no prejudice will be found where the court informs the juvenile of a potential commitment which is longer than the actual maximum term which he is facing and longer than the commitment which is actually imposed and prejudice is neither alleged nor is shown. See In re Gourley, Butler App. No. CA2006-01-003,2007-Ohio-1221.
 {¶ 21} In this matter, the magistrate did not clearly indicate that L.M. could receive probation for the firearm specification, contrary to the provisions of R.C. 2152.17. The magistrate also indicated that L.M. faced a minimum of two years of commitment and a maximum of six years, if the terms were run consecutively. It was not made clear that the commitment would end in early 2011, or in approximately four years, when L.M. turned 21. Nonetheless, we note that L.M. was advised of a longer sentence than he actually faced and was actually given. Further, L.M. has not demonstrated or even argued that he would not have entered a guilty plea had the trial court advised him of the true two-to-four year term of commitment. We therefore find no prejudice. See In reGourley, supra. The assignment of error is therefore overruled.
Affirmed.
 It is ordered that appellee recover from appellant costs herein taxed. *Page 7 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, P.J., AND CHRISTINE T. MCMONAGLE, J., CONCUR *Page 1