OPINION
{¶ 1} A.D. appeals from his adjudication of delinquency by reason of his having been found to have been complicit in committing Aggravated Robbery, with a firearm specification. A.D. contends that the juvenile court erred by failing to hold a hearing to determine his competency. He further contends that the juvenile court erred by failing to comply with the provisions of Juvenile Rule 29 in determining whether his guilty plea *Page 2 
was made knowingly, voluntarily and intelligently. The State confesses error in this regard. Finally, A.D. claims that trial counsel was ineffective.
 {¶ 2} We conclude that the juvenile court did not err by failing to conduct a competency hearing, because A.D. stipulated to a report of an expert finding him competent. We do conclude that the juvenile court failed to comply with the provisions of Juv.R. 29(D), necessitating a reversal and remand of this matter. We conclude that the issue of the effectiveness of trial counsel has been rendered moot by our decision to reverse.
 {¶ 3} The judgment of the juvenile court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
 I {¶ 4} In 2006, A.D. was alleged to have been delinquent by reason of complicity in the commission of Aggravated Robbery, with a firearm specification. In April of that year, the juvenile court determined that A.D. was not competent to stand trial. The court also determined that A.D. could be restored to competency within one year, and that he should be transported to the Gallipolis Developmental Center for treatment. While at the Gallipolis facility, A.D. was treated by Thomas L. Kimball, Ph.D. On July 24, Kimball issued a written report in which he opined that A.D. "is capable of understanding the nature and the objective of the proceedings against him and assisting his counsel in his own defense."
 {¶ 5} The juvenile court scheduled a competency hearing for August 24. On that date, defense counsel informed the trial court that the State had offered to withdraw *Page 3 
the motion to transfer A.D.'s case to adult court. Defense counsel also stated that, based upon the withdrawal of the motion, A.D. would "stipulate to Doctor Kimball's report that [A.D. had] been restored to competency, and enter an admission to the charge of complicity to [commit] aggravated robbery with a gun specification." Based upon the stipulation and the contents of the report, the juvenile court entered an order finding that A.D. was competent to proceed. Thus, the court did not hold a hearing on competency, and instead proceeded to the adjudication, at which time the court accepted A.D.'s admission to the charge of delinquency and subsequently imposed a two-year minimum commitment period to the Department of Youth Services. From his adjudication and disposition, A.D. appeals.
 II {¶ 6} A.D.'s second assignment of error provides:
 {¶ 7} "A.D.'S ADMISSION TO COMPLICITY TO AGGRAVATED ROBBERY WITH FIREARM SPECIFICATION WAS NOT KNOWING, VOLUNTARY, AND INTELLIGENT, IN VIOLATION OF THE 5TH, 6TH, AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTIONS 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION, AND JUVENILE RULE 29."
 {¶ 8} A.D. contends that the trial court failed to comply with the provisions of Juv.R. 29(D) in accepting his admission to the charge against him.
 {¶ 9} Juv.R. 29(D), which governs the procedures regarding the entry of an admission by a juvenile, provides as follows:
 {¶ 10} "The court may refuse to accept an admission and shall not accept an *Page 4 
admission without addressing the party personally and determining both of the following:
 {¶ 11} "(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 {¶ 12} "(2) The party understands that by entering an admission the party is waiving the right to challenge witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing."
 {¶ 13} The Ohio Supreme Court has recently explained that "in a juvenile delinquency case, the preferred practice is strict compliance with Juv.R. 29(D). [The court further held] that if the trial court substantially complies with Juv.R. 29(D) in accepting an admission by a juvenile, the plea will be deemed voluntary absent a showing of prejudice by the juvenile or a showing that the totality of the circumstances does not support a finding of a valid waiver. For purposes of juvenile delinquency proceedings, substantial compliance means that in the totality of the circumstances, the juvenile subjectively understood the implications of his plea." In re C.S.,115 Ohio St.3d 267, 2007-Ohio-4919.¶ 113.
 {¶ 14} The State concedes that the juvenile court did not advise A. D. of his rights. We agree. A review of the transcript reveals that the court failed to strictly comply with Juv.R. 29(D) by neglecting to advise A.D. that by admitting the charge, he was waiving his right to challenge witnesses, to remain silent, and to introduce evidence. We conclude that the juvenile court did not substantially comply with this rule — it appears that A.D. was confused throughout the entire proceeding; we cannot say that A.D. "subjectively understood the implications of his plea."
 {¶ 15} A.D.'s second assignment of error is sustained. *Page 5 
 III {¶ 16} A.D.'s first assignment of error states as follows:
 {¶ 17} "THE JUVENILE COURT ABUSED ITS DISCRETION WHEN IT PROCEEDED WITHOUT CONDUCTING A COMPETENCY HEARING AND WITHOUT MAKING A PROPER FINDING THAT AD. WAS COMPETENT TO STAND TRIAL IN VIOLATION OF THE 5TH
AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION, AND R.C. 2945.37."
 {¶ 18} In this case, A.D.'s competency was properly raised. The juvenile court ordered an examination, and subsequently sent A.D. for treatment. Following treatment, Dr. Kimball issued a report finding that A.D. was capable of understanding the proceedings against him. Thus, the court set the matter for hearing on competency. However, on the day of the hearing, defense counsel stipulated to the report submitted by Dr. Kimball. The court found A.D. competent. Thereafter, the court proceeded to adjudicate A.D. delinquent. A.D. now contends that the court violated his constitutional and statutory rights by failing to conduct a competency hearing, when the issue was raised before the adjudication hearing. The State contends that no error occurred, given that A.D. stipulated to the contents of Dr. Kimball's report.
 {¶ 19} This court has previously held that when "the issue of competency is properly raised before trial, the trial court must hold a hearing on that issue and after considering the evidence presented by the parties at that hearing make a finding as to the defendant's competency." In re Bailey, 150 Ohio App. 3d 664, 2002-Ohio-6792, ¶ 14. *Page 6 
However, we have also noted that a stipulation to competency may obviate the need for a hearing. See, In re B.M.R., Miami App. No. 2005 CA 18, 2005-Ohio-5911, ¶ 16.
 {¶ 20} Given that A.D. stipulated to the report by Dr. Kimball, we cannot say that the juvenile court erred by dispensing with the hearing on competency. However, given that this matter is being remanded to the court for failure to comply with Juv.R. 29(D), and that a significant period of time will have passed since the issuance of Dr. Kimball's report, obviously the issue of A.D.'s competency may potentially be raised again upon remand.
 {¶ 21} The first assignment of error is overruled.
 IV {¶ 22} A.D.'s third assignment of error is as follows:
 {¶ 23} "AD. WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL. 6TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION."
 {¶ 24} A.D. contends that trial counsel was ineffective for permitting this matter to proceed to adjudication in the absence of a hearing on competency. In light of our disposition of the second assignment of error, we conclude that this issue has been rendered moot. Accordingly, the third assignment of error is overruled as moot.
 V {¶ 25} A.D.'s second assignment of error having been sustained, his first *Page 7 
assignment of error having been overruled, and his third assignment of error having been overruled as moot, the judgment of the juvenile court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
 Wolff, P.J., and Donovan, J., concur. *Page 1