## In re B.H.

[Cite as *In re B.H.*, 169 Ohio App.3d 331, 2006-Ohio-5534.]

Court of Appeals of Ohio,
Fifth District, Licking County.

No. 06CA10.

Decided Oct. 24, 2006.

Erin Welch, for appellee.

Andrew T. Sanderson, for appellant.

FARMER, Judge.

{¶ 1} On March 24, 2005, a complaint was filed alleging appellant, B.H., to be a delinquent child based on an allegation that appellant had committed acts that if committed by an adult would constitute the offense of rape in violation of R.C. 2907.02.

{¶ 2} On April 14, 2005, appellant filed a motion requesting an evaluation to determine her competency for the adjudicatory hearing and her sanity at the time of the offense. By judgment entry filed April 18, 2005, the trial court denied the request.

{¶ 3} On April 26, 2005, appellant filed a motion to reconsider the request. A hearing was held on May 13, 2005. By judgment entry filed May 16, 2005, the trial court once again denied the request.

{¶ 4} An adjudicatory hearing before a magistrate was held on May 24, 2005. By decision filed June 7, 2005, the magistrate found appellant to be a delinquent child. Appellant filed objections. By judgment entry filed January 5, 2006, the trial court denied the objections and affirmed the magistrate's decision.

{¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶ 6} "The trial court committed harmful error in denying the request of the trial counsel for the appellant to order an evaluation of the child to determine her competency to stand for adjudication."

II

{¶ 7} "The trial court committed harmful error in proceeding with the adjudication of the child when the record failed to demonstrate that she was able to understand the nature of the proceedings and assist in her own defense."

III

{¶ 8} "The trial court committed harmful error in overruling the child's objections to the magistrate's adjudication of her as an alleged delinquent child as the record fails to demonstrate that she was legally competent to proceed with the adjudicatory hearing."

IV

{¶ 9} "The record created below is insufficient to demonstrate, by proof beyond a reasonable doubt, that the child was delinquent for committing the acts specified in the complaint filed against the child."

I, II, III

{¶ 10} These assignments challenge the trial court's procedure on the issue of appellant's competency to stand trial. Appellant claims that the trial

court erred in failing to appoint an expert under Juv.R. 32 on the issue of competency. We agree.

{¶ 11} The decision to appoint an expert to evaluate competency lies within the trial court's sound discretion. Juv.R. 32(A). In order to find an abuse of that discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

{¶ 12} It is not contested by either party that appellant is entitled to be competent and to participate in her own defense and hearing. Juv.R. 32 governs social history, physical examination, and mental examination before adjudication and states:

{¶ 13} "The court may order and utilize a social history or physical or mental examination at any time after the filing of a complaint under any of the following circumstances:

{¶ 14} "(1) Upon the request of the party concerning whom the history or examination is to be made;

{¶ 15} "(4) Where a party's legal responsibility for the party's acts or the party's competence to participate in the proceedings is an issue."

{¶ 16} In appellant's April 14, 2005 motion for evaluation of competency to face adjudication and sanity, defense counsel stated:

{¶ 17} "Counsel's contact with Ms. [H.] and her family has caused her concern about her ability to appreciate the instant proceedings, assist in her own defense and understand the nature of her actions. As Ms. [H.] is currently indigent, it is requested that it be ordered that the evaluation be performed at public expense."

{¶ 18} The trial court sua sponte denied the motion without hearing, finding that "[i]t was not apparent to this Court by her demeanor or any other factor that the child was incompetent or suffers from any mental deficiencies warranting a mental evaluation."

{¶ 19} On April 26, 2005, appellant filed a motion for reconsideration. By judgment entry filed April 28, 2005, the trial court ordered the following:

{¶ 20} "1. The Court shall immediately appoint a guardian *ad litem* to represent the child's best interests. The guardian *ad litem* shall interview the child.

{¶ 21} "2. The motion for reconsideration shall come before the Court for an oral hearing. The child shall attend, as well as all other parties, legal counsel for the juvenile, the guardian *ad litem,* and an assistant prosecuting attorney. The

Court will hear *evidence and argument* in support of the motion for reconsideration."

{¶ 22} During the hearing, the state did not oppose the competency evaluation and pretrial psychological examination. Defense counsel explained to the trial court the reason for the request for the competency evaluation and accompanied the explanation with appellant's Individualized Education Program ("I–E–P") test scores:

{¶ 23} "In my representation and contact with Ms. [H.] and in interviews with her family thus far I do have concern as to whether she is able to assist me in her defense and understand the nature of her actions and appreciate the instant proceedings. Ms. [H.] has limited communication abilities which are making it difficult to prepare her defense as her counsel and I'm unsure if these limitations from our conversations are due to immaturity or competency and thus have requested a professional psychologist to determine so. Further, although it's not readily apparent on the surface, Ms. [H.] does—has suffered from family history that most children and young teenagers fortunately haven't had to live through. She's witnessed abuse in her family. She has lost both parents at one time or other—another and has been in and out of foster care homes since she was nine. Not surprisingly Ms. [H.] has been seeing and has seen counselors in the past for both emotional mental concerns. Currently [B.H.] is enrolled as an eighth grade student but she is in special ed classes and she's in the middle school but acting under an I–E–P to accommodate the lower functioning. And I do apologize for not attaching it to the motion. I just obtained her I–E–P today and the I–E–P does state that she is reading and comprehending at an upper second grade level so she's not at the functioning level of an eighth grader."

{¶ 24} The guardian ad litem further substantiated appellant's request as follows:

{¶ 25} "I found [B.H.] to be a very happy, bubbly child and that's exactly the word I would use is child. She is fourteen years of age. She is going to be going into high school. However, her emotional abilities and her emotional personality is much younger than that of a fourteen-year-old and I had serious concerns when I did speak with her with regard to her level of understanding. I don't know that it's necessarily competency, however, if you look at the Rules, I believe it's a child of seven, age seven and under or perhaps it's six, a child under that age is presumed incompetent so—and if you look at what the I–E–P states which is that she's reading at a second grade level, that's a child of seven and eight years old. So I believe it would be in the best interest for her to have a psychological evaluation to at least determine whether she really understands the seriousness of these proceedings, whether she understands the wrongfulness of her acts in this matter. She does have a very, very horrible living history. She

has been in no less than ten placements over her lifetime which is a very short period of time considering, and she's been bounced around, and there are history of sexual molestation and rape, and accusations of molestation throughout her family. So I do believe it would be in her best interest to have a psychological evaluation."

{¶ 26} The trial court called appellant's aunt to the stand and asked her about appellant's competency. The aunt testified to the following:

{¶ 27} "I've had her for more than just now. I've had them the most of their lives so I pretty much know what—what they do and what they don't know. And—and she don't understand. It's just, I mean, if you—if you sit and explain something to her, it's just like they get a blank look on their face like they—it just goes like it's not comprehending through to them what you're trying to— tried saying it to them."

{¶ 28} The trial court then called appellant's father, who appeared not to remember appellant's schooling and disability, but did state that he had no problem communicating with her and that she understood the house rules.

{¶ 29} The trial court then questioned appellant. The trial court asked the standard competency questions, whether she knew her attorney and what the attorney's role was, whether she knew what the judge was and what the judge's role was. Appellant did not know what a judge did, did not know what a witness was, and did not know the purpose of the adjudication hearing. Appellant knew she was in court accused of rape and understood "later this month the Court will hear evidence as to whether or not you did what you were accused of."

{¶ 30} Although the trial court engaged in the standard "competency" dialogue seen in adult criminal court, it does not mitigate against the opinions of three people, defense counsel, the guardian ad litem, and appellant's aunt. All of these three people were in more intense contact with appellant than the trial court was during its cursory questioning.

{¶ 31} We concur with the trial court's analysis that this case is not an adult criminal proceeding. However, we find that the record as a whole substantiates the fact that a medical expert should have been ordered to render an opinion of competency sub judice.

{¶ 32} Assignments of Error I, II, and III are sustained. The matter is remanded to the trial court for the appointment of an expert to evaluate appellant's competency to participate in her own defense during the adjudicatory hearing.

## IV

{¶ 33} This assignment is rendered moot and the adjudication is reversed for a new trial pending the results of the competency evaluation.

{¶ 34} The judgment of the Court of Common Pleas of Licking County, Ohio, Juvenile Division is hereby reversed and remanded.

Judgment reversed
and cause remanded.

GWIN, P.J., and HOFFMAN, J., concur.