### In re BRADEN, Appellant.

[Cite as *In re Braden,* 176 Ohio App.3d 616, 2008-Ohio-2981.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–060284, C–060285 and C–060286.

Decided June 20, 2008.

David H. Bodiker, Ohio Public Defender, and Amanda J. Powell, Assistant State Public Defender, for appellant.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Philip R. Cummings, Assistant Prosecuting Attorney, for appellee, Ohio Department of Youth Services.

Per Curiam.

{¶ 1} Appellant, Robert William Braden, a minor, was adjudicated a delinquent child for acts that would have constituted burglary, conveying a weapon in a school safety zone, and gross sexual imposition, if committed by an adult. After it accepted Braden's admissions to the burglary and conveying-a-weapon charges, the juvenile court adjudicated him delinquent. After a trial, the court also found Braden delinquent for having committed gross sexual imposition. The juvenile court imposed a two-year commitment to the appellee, the Ohio Department of Youth Services ("DYS"). Braden now challenges those adjudications in these consolidated appeals. Because a key psychological report supporting a finding that Braden was competent to stand trial was never made a part of the record of the trial court's proceedings, we reverse.

{¶ 2} In December 2004, Braden, then 14 years old, was charged with burglary in case number 04–19446z. In February 2005, he was charged with conveying a

weapon in a school safety zone in case number 05–2207x. The juvenile court referred Braden to the court clinic for an evaluation of his competency. Braden was examined by Dr. Paul A. Deardorff, a clinical psychologist. Dr. Deardorff concluded that Braden "was of mildly retarded to borderline intelligence, * * * does not appear to be capable of understanding the nature and objective of the proceedings against him * * * [and] does not appear to be capable of presently assisting in his defense." In a second evaluation conducted three weeks later, psychologist Dr. Kathleen J. Hart found that Braden was "of limited intellectual functioning" and concluded that Braden "is not competent to proceed on these charges, and he is not likely to derive sufficient benefit from additional educational interventions to reach competence within the next year."

{¶ 3} The two reports were admitted into evidence. In March 2005, relying upon the contents of the two reports and the conclusions reached by the psychologists who prepared them, the juvenile court found Braden not competent to stand trial.

{¶ 4} Less than three weeks later, Braden was charged, in case number 05–4690z, with having committed sexually oriented offenses against younger relatives when he was 12 or 13 years of age.

{¶ 5} Six months later, after Braden had attended six sessions of the juvenile court's competency-attainment program, the program coordinator, James O'Connell, prepared a report for the court in which he suggested that Braden was malingering or pretending incapacity. Though O'Connell was not a psychologist, his report caused the court to order a third competency evaluation. Dr. Deardorff prepared a subsequent evaluation of Braden on September 22, 2005.

{¶ 6} Two days later, the juvenile court conducted a hearing on Braden's competency. The court acknowledged receiving Dr. Deardorff's report and inquired whether Braden was "willing to stipulate to the report." Through his counsel, Braden said, "We will submit on—on the record for this (inaudible) and stipulate to the admissibility of the content of the report (inaudible) for today." The state also stipulated to the "submi[ssion]" of the report.

{¶ 7} The juvenile court indicated that it had reviewed Dr. Deardorff's latest report, the two prior reports, and O'Connell's report. The court also stated that it had reviewed the record of the earlier proceedings. Without additional elaboration, the court then concluded that "reading the report, the most recent reports here, from Dr. Deardorff there will be a finding that you are presently competent to stand trial." The court's journal entry stated that "[b]ased upon the evidence presented, [Braden] is found capable of understanding the nature and objective of the proceedings and of assisting in the defense of the charge."

{¶ 8} Braden subsequently offered admissions to the allegations of burglary and conveying a weapon in a school safety zone. The juvenile court personally addressed Braden to ensure that his admissions were entered knowingly, intelligently, and voluntarily. But the court failed to inform Braden that he was waiving his constitutionally guaranteed rights to remain silent and to introduce evidence at an adjudicatory hearing.[1] The juvenile court nonetheless accepted Braden's admissions and adjudicated him delinquent.

{¶ 9} Braden then proceeded to a trial on the gross-sexual-imposition charges. The juvenile court also adjudicated Braden delinquent on these charges and committed him to the custody of the DYS for a two-year period.

{¶ 10} In his first assignment of error, Braden asserts that the juvenile court erred when it found him competent to stand trial after having previously found him to be incompetent. Braden contends that the juvenile court's reliance on Dr. Deardorff's second evaluation was misplaced, as Dr. Deardorff's conclusions about Braden's competency were equivocal at best. The state contends that the court's finding of competency "was supported by the most recent report by Dr. Deardorff."

{¶ 11} Juvenile court proceedings "must measure up to the essentials of due process and fair treatment."[2] The right not be tried or convicted while incompetent is "as fundamental in juvenile proceedings as it is in criminal trials of adults."[3] In *Dusky v. United States*, the Supreme Court stated that the test for determining whether a defendant is competent to stand trial is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him."[4]

{¶ 12} This standard has been codified in R.C. 2945.37(G), which provides that a defendant is incompetent to stand trial if, after a hearing, the trial court finds that he is "incapable of understanding the nature and objective of the

1. See Juv.R. 29(D)(2); see also *In re Higgins*, 1st Dist. Nos. C–060050 and C–060051, 2006-Ohio-6826, 2006 WL 3759583; *In re Pope* (Jan. 25, 2002), 1st Dist No. C–010306, 2002 WL 91525.

2. *Kent v. United States* (1966), 383 U.S. 541, 562, 86 S.Ct. 1045, 16 L.Ed.2d 84, quoted in *McKeiver v. Pennsylvania* (1971), 403 U.S. 528, 533–534, 91 S.Ct. 1976, 29 L.Ed.2d 647.

3. *In re Bailey*, 150 Ohio App.3d 664, 667, 2002-Ohio-6792, 782 N.E.2d 1177; see also *In re Williams* (1997), 116 Ohio App.3d 237, 687 N.E.2d 507; *In re B. H.*, 169 Ohio App.3d 331, 2006-Ohio-5534, 862 N.E.2d 881, at ¶ 12.

4. *Dusky v. United States* (1960), 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824; see also *State v. Were* (Feb. 6, 2002), 94 Ohio St.3d 173, 174, 761 N.E.2d 591.

proceedings against [him] or of assisting in [his own] defense." The standard also "governs the competency evaluations of juveniles, so long as it is applied in light of juvenile rather than adult norms."[5] Once the juvenile court has determined that an offender is not competent to stand trial, however, a presumption of incompetence arises, which the state must rebut by coming forward with evidence of competency.[6]

{¶ 13} Juv.R. 32(A) provides that the court may order a mental examination when the issue of competency has been raised. The juvenile court must hold a hearing on whether the juvenile is competent and "after considering the evidence presented by the parties at that hearing make a finding as to [the child's] competency."[7]

{¶ 14} In this case, while the juvenile court carefully attempted to ensure that Braden's right not to be tried while incompetent was respected, Dr. Deardorff's second report was never introduced or formally admitted into evidence. During the oral argument of these appeals, the state agreed that it had the burden of presenting evidence to rebut the presumption that Braden was incompetent. The juvenile court's comments about the second Deardorff report were alone insufficient to support its finding that Braden was competent to stand trial. The juvenile court's reliance on a report that was not part of the record was prejudicial error.

{¶ 15} We note that this is not a case in which the appellant has failed to meet his burden to provide a complete record on appeal, requiring us to presume regularity.[8] Here, the report was never made part of the record. Accordingly, we hold that the juvenile court erred in relying on evidence outside the record in finding Braden to be competent to stand trial.[9] The first assignment of error is sustained.

{¶ 16} Our resolution of the first assignment of error renders moot Braden's remaining four assignments of error, in which he asserts that the juvenile court failed to comply with Juv.R. 29 when accepting his admissions, that the court erred in adjudicating him delinquent for the gross-sexual-imposition allegations,

---

5. *In re B.M.R.*, 2d Dist. Nos. 2005 CA 1 and 2005 CA 18, 2005-Ohio-5911, 2005 WL 2978951, at ¶ 13, citing *In re Williams*, 116 Ohio App.3d at 241–242, 687 N.E.2d 507.

6. *State v. Finley* (June 19, 1998), 2d Dist. No. 96–CA–30, 1998 WL 321017.

7. *In re Bailey*, 150 Ohio App.3d at 668, 2002-Ohio-6792, 782 N.E.2d 1177.

8. See, e.g., *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 15 O.O.3d 218, 400 N.E.2d 384.

9. See *In re Bailey*, 150 Ohio App.3d at 668, 2002-Ohio-6792, 782 N.E.2d 1177.

and that he was denied the effective assistance of trial counsel.[10] The judgments of the juvenile court adjudicating Braden a delinquent child are reversed. And these causes are remanded for further proceedings consistent with the law and with this decision.

Judgments reversed
and causes remanded.

SUNDERMANN, P.J., and HILDEBRANDT and CUNNINGHAM, JJ., concur.