**In re J.R.P.**

[Cite as *In re J.R.P.*, 175 Ohio App.3d 481, 2008-Ohio-989.]

Court of Appeals of Ohio,
Second District, Clark County.

Nos. 2006 CA 135 and 2007 CA 20.

Decided March 7, 2008.

Andrew R. Picek, Assistant Prosecuting Attorney, for appellee.

Amanda J. Powell, Assistant State Public Defender, for appellant.

———————

WOLFF, Presiding Judge.

{¶ 1} This is a consolidated appeal from two orders of the juvenile court. Case No. 06 CA 135 is an appeal from an order committing J.R.P. to the Department

of Youth Services ("DYS") (November 28, 2006 entry). Case No. 07 CA 20 is an appeal from a judgment of October 20, 2004, reflecting that J.R.P. had been adjudicated a delinquent and placing him on probation. By decision and entry of October 17, 2007, we determined that the appeal from the 2004 judgment was timely because the clerk had failed to notify J.R.P. of the judgment as required by Civ.R. 58(B).

{¶ 2} J.R.P. advances two assignments of error. The first assignment of error deals with the October 20, 2004 disposition and the proceedings in 2006 that resulted in the juvenile court's revoking J.R.P.'s probation and committing him to DYS. The second assignment of error pertains to the proceedings in 2004 adjudicating J.R.P. a delinquent child. We will first discuss the second assignment of error.

{¶ 3} "2. [J.R.P.]'s admission to receiving stolen property was not knowing, voluntary, and intelligent, in violation of the Fifth and Fourteenth Amendments to the United States Constitution, Article I, Sections 10 and 16 of the Ohio Constitution, and Juvenile Rule 29."

{¶ 4} On September 9, 2004, J.R.P. appeared before the juvenile court magistrate and entered an admission to a fourth-degree-felony charge of receiving stolen property. J.R.P. contends that his admission was not knowing, voluntary, and intelligent, because the magistrate failed to engage him in the dialogue required by Juv.R. 29(D), which states:

{¶ 5} "The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:

{¶ 6} "(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;

{¶ 7} "(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing."

{¶ 8} The state contends that the magistrate "substantially and strictly complied" with Juv.R. 29(D). The exchange among the court, defense counsel, and J.R.P. was as follows:

{¶ 9} "MR. KAECH (defense counsel): Yes, your Honor. If the Court please, at this time [J.R.P.] is going to admit the charge of receiving stolen property as a felony of the fourth degree. He understands by admitting that charge he gives up his right to have a trial. At that trial he understands the court would require the State of Ohio—the law would require the State of Ohio to prove their case beyond a reasonable doubt, present witnesses to try to establish the facts. I, as [J.R.P.]'s attorney, would have the right to ask questions or cross-examine those

witnesses, present information that was to his benefit, call witnesses on his behalf, and he could testify about what happened if he wished to, but he wouldn't be required to.

{¶ 10} "He understands that by admitting this charge he's not going to have a trial. He's admitting the charge because it's true.

{¶ 11} "THE COURT: [J.R.P.], do you understand the charge that you're admitting to here today?

{¶ 12} "THE YOUTH: Yes, ma'am.

{¶ 13} "THE COURT: Do you understand the possible commitment to the Department of Youth Services.

{¶ 14} "THE YOUTH: Yes, ma'am.

{¶ 15} "THE COURT: Mr. Kaech went through rights of trial. Do you understand those fully and completely?

{¶ 16} "THE YOUTH: Yes, ma'am.

{¶ 17} "THE COURT: Do you have any questions about those at all?

{¶ 18} "THE YOUTH: No, ma'am.

{¶ 19} "THE COURT: Do you understand you waive your right to trial when you are here today and admitting this charge?

{¶ 20} "THE YOUTH: Yes, ma'am.

{¶ 21} "THE COURT: And that's what you want to do?

{¶ 22} "THE YOUTH: Yep.

{¶ 23} "THE COURT: Is anybody forcing you to admit to this charge?

{¶ 24} "THE YOUTH: No.

{¶ 25} "THE COURT: Anybody promise you anything?

{¶ 26} "THE YOUTH: No, ma'am.

{¶ 27} "THE COURT: I will accept your admission on this charge."

{¶ 28} Although approving substantial compliance with Juv.R. 29(D), the Supreme Court has recently expressed its preference for strict compliance with Juv.R. 29(D). *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177, ¶ 113.

{¶ 29} Although the magistrate might have been less reliant on the representations of defense counsel, we nevertheless conclude that her discussion with J.R.P. did substantially comply with Juv.R. 29(D) in most respects: determining voluntariness, consequences, and trial rights that are waived. However, there was one glaring deficiency in the exchange between the magistrate and

J.R.P. (which was not ameliorated by counsel's representations) that was fatal to the admission: there was no inquiry made as to J.R.P.'s "understanding of the nature of the allegations" as required by Juv.R. 29(D)(1). The court asked J.R.P. only whether he understood the charge.

{¶ 30} On similar facts, we reversed the judgment in *In re J.T.C.*, Miami App. No. 06–CA–34, 2007-Ohio-436, 2007 WL 293916:

{¶ 31} "It is clear from reading the record that the juvenile court never personally addressed J.T.C. and determined that he understood the nature of the allegations surrounding the two charges of gross sexual imposition.

{¶ 32} "The Ross County Court of Appeals reversed a juvenile's delinquency adjudication when it found the trial court violated the juvenile's rights to due process by accepting the juvenile's admission to a rape charge without complying with Juv.R. 29(D)'s requirement that the court personally address the juvenile and determine whether he understood the nature of the rape allegation. *In re Beechler* (1996), 115 Ohio App.3d 567, 685 N.E.2d 1257. That court noted that at no time did the referee ascertain whether the juvenile understood the nature of the rape allegation. Id. at 570 [685 N.E.2d 1257]. Ohio courts have held that in a delinquency case, an admission is similar to a guilty plea made by an adult pursuant to Crim.R. 11(C) in that it constitutes a waiver of rights to challenge the allegations in the complaint. *State v. Penrod* (1989), 62 Ohio App.3d 720, 723, 577 N.E.2d 424. Both rules require the respective courts make careful inquiries in order to ensure that the admission is entered voluntarily, intelligently, and knowingly. *In re Flynn* (1995), 101 Ohio App.3d 778, 781, 656 N.E.2d 737. Substantial compliance with the respective rules is required. *In re Jenkins* (1995), 101 Ohio App.3d 177, 179, 655 N.E.2d 238.

{¶ 33} "This court held that a defendant's mere affirmative response to the court's question whether he understands the nature of the charge against him, without more, is insufficient to comply with Crim.R. 11. *State v. Blair* (1998), 128 Ohio App.3d 435, 715 N.E.2d 233.

{¶ 34} "We agree with the Appellant that the trial court did not substantially comply with Juv.R. 29(D) in determining whether he understood the nature of the allegations against him. The Appellant's first assignment of error is Sustained." *In re J.T.C.* at ¶ 57–60.

{¶ 35} The second assignment of error is sustained.

{¶ 36} "1. The trial court violated [J.R.P.'s] right to counsel and to due process under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, Article I, Section 16 of the Ohio Constitution, Ohio Revised Code Section 2151.352 and Juvenile Rules 3, 4, and 29."

{¶ 37} In this assignment of error, J.R.P. contends that the juvenile court failed to obtain valid waivers of counsel from him on three dates: October 20, 2004, when the court conducted the first dispositional hearing; November 8, 2006, when J.R.P. admitted he was in violation of his probation; and November 20, 2006, when the juvenile court committed J.R.P. to DYS. The state concedes that valid waivers of counsel were not obtained on October 20, 2004, and November 20, 2006.

{¶ 38} Juv.R. 29(B) provides:

{¶ 39} "At the beginning of the hearing, the court shall do all of the following:

{¶ 40} " * * *

{¶ 41} "(3) Inform unrepresented parties of their right to counsel and determine if those parties are waiving their right to counsel;

{¶ 42} "(4) Appoint counsel for any unrepresented party under Juv.R. 4(A) who does not waive the right to counsel;

{¶ 43} "(5) Inform any unrepresented party who waives the right to counsel of the right: to obtain counsel at any stage of the proceedings, to remain silent, to offer evidence, to cross-examine witnesses, and, upon request, to have a record of all proceedings made, at public expense if indigent."

{¶ 44} As it relates to Juv.R. 29(B)(3) through (5), the magistrate's exchange with J.R.P. was as follows:

{¶ 45} "THE COURT: Do you understand that you do have a right to have an attorney?

{¶ 46} "YOUTH: Yes, ma'am.

{¶ 47} "THE COURT: If you can't afford an attorney, one would be provided to you. Do you understand this right?

{¶ 48} "YOUTH: Yes, ma'am.

{¶ 49} "THE COURT: Do you understand that you do have a right to a trial in this matter? The State would have to prove you guilty beyond a reasonable doubt. You are presumed innocent until proven guilty by that standard. Do you understand this right?

{¶ 50} "YOUTH: Yes, ma'am.

{¶ 51} "THE COURT: Do you understand you have a right to confront and cross-examine State's witnesses?

{¶ 52} "YOUTH: Yes, ma'am.

{¶ 53} "THE COURT: You have a right to bring in your own witnesses who you feel would be helpful to your case. If those witnesses do not appear voluntarily, you can have the court order them in. Do you understand this right?

{¶ 54} "YOUTH: Yes, ma'am.

{¶ 55} "THE COURT: And do you understand your right to remain silent at your trial?

{¶ 56} "YOUTH: Yes, ma'am.

{¶ 57} "THE COURT: All of these rights of trial you understand and you wish to give them up by admitting here today?

{¶ 58} "YOUTH: Yes, ma'am.

{¶ 59} "THE COURT: Okay. And when I say admit, or you say you admit, you're saying, I committed this violation and I don't need a trial?

{¶ 60} "YOUTH: Yes, ma'am.

{¶ 61} "THE COURT: Okay. I'll accept your admission."

■ {¶ 62} Although the magistrate informed J.R.P. of his right to appointed counsel, she failed to ask him if he was waiving counsel.

■ {¶ 63} In *In re B.M.S.*, 165 Ohio App.3d 609, 2006-Ohio-981, 847 N.E.2d 506, we found reversible error in the juvenile court's conducting a dispositional hearing without obtaining a waiver of counsel. Given that J.R.P. was entitled to representation "at all stages of the proceedings," *In re Gault* (1967), 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527, the result can be no different here.

{¶ 64} The first assignment of error is sustained.

{¶ 65} The judgments are reversed, and the matter is remanded to the juvenile court for further proceedings.

Judgments reversed
and cause remanded.

FAIN and GRADY, JJ., concur.