OPINION
{¶ 1} In this opinion and the judgment entry which accompanies it, we dispose of three appeals. Appeals 07-CA-101 and 07-CA-104 deal with proceedings in the juvenile court in 2004. Appeal 07-CA-79 deals with proceedings in that court in 2007.
 {¶ 2} A.K.'s appeals involving the proceedings in 2004 were determined to be *Page 2 
timely by this court by decision and entry of October 18, 2007, wherein we noted the clerk's failure to comply with Civ. R. 58(B).
 {¶ 3} A.K. has provided a statement of the case and facts with which, except as noted below, the State agrees. The statement is as follows:
 {¶ 4} "On October 29, 2003, a complaint was filed in the Clark County Juvenile Court alleging that A. K., aged 15, was a delinquent child for one count of rape, a felony of the first degree if committed by an adult. A.K. entered an admission to the charge on March 30, 2004. The court then found her delinquent, committed her to DYS `for the minimum term provided by law,' suspended the commitment, continued her on probation, ordered her to complete the juvenile sex offender program at Oesterlen Services for Youth, and ordered her to pay a fifty-dollar fine plus costs. The court also ordered her be placed in foster care with Mr. and Mrs. Wirick in Springfield, Ohio.
 {¶ 5} "On August 3, 2004, a probation violation complaint alleged that A.K. failed to obey her foster parents, assaulted Mrs. Wirick, and had been charged with domestic violence and resisting arrest. On September 23, 2004, the court conducted a trial on the probation violation and the two additional charges. Both of A.K.'s foster parents testified against her at the trial. A.K. was represented by counsel, but was not appointed a guardian ad litem to represent her best interests. After trial, the court found A.K. delinquent of the probation violation and of the additional charges. For disposition, the court committed A.K. to DYS for a minimum of one year, maximum to her twenty-first birthday.
 {¶ 6} "In October 2006, A.K. was released from DYS and was placed on parole in Franklin County, Ohio. On March 16, 2007, a complaint was filed in the *Page 3 
Franklin County Juvenile Court, which alleged that A.K. violated her parole by absconding from her placement. On June 6, 2007, A.K. appeared in the Franklin County Juvenile Court and admitted to the parole violation. The court found that A.K. violated her parole and transferred the matter to her home court, the Clark County Juvenile Court, for disposition. On June 13, 2007, the Clark County Juvenile Court conducted the disposition hearing. The court explained to A.K. that she had the right to an attorney at no cost during her disposition hearing and asked her if she wanted to talk to a lawyer; but it did not obtain a waiver of her right to counsel. For disposition, the court returned A.K. to DYS.
 {¶ 7} "On July 13, 2007, A.K. filed an appeal of her parole revocation and commitment to DYS. On August 30, 2007, A.K. filed an appeal of her April 8, 2004 adjudication and disposition on the underlying felony-level charge based upon In re Anderson, 92 Ohio St.3d 63,2001-Ohio-131. On April 8, 2008, this Court overruled A.K.'s request to consolidate her appeals, but ordered all appeals to be heard at the same time."
 {¶ 8} The State's only disagreement is with A.K.'s assertion that the juvenile court did not obtain a waiver of counsel on June 13, 2007. We will not be required to address this matter based on our disposition of the first assignment of error.
 {¶ 9} A.K. assigns error and issues for review as follows:
 {¶ 10} "1. A.K.'S ADMISSION TO RAPE WAS NOT KNOWING, VOLUNTARY, AND INTELLIGENT, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION, AND JUVENILE RULE 29. (MARCH 30, *Page 4 
2004).
 "ISSUE PRESENTED FOR REVIEW AND ARGUMENT {¶ 11} "Was A.K.'s admission knowing, voluntary, and intelligent when the trial court elicited an admission from A.K., when the court did not properly conduct an inquiry in accordance with Juv. R. 29(D)?
 {¶ 12} "2. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO APPOINT A GUARDIAN AD LITEM FOR A.K. DURING HER PROBATION VIOLATION HEARING AND HER PAROLE REVOCATION ADJUDICATION AND DISPOSITION HEARINGS IN VIOLATION OF OHIO REVISED CODE SECTION 2151.281(A) AND JUVENILE RULE 4(B). (SEPT. 23, 2004); (JUNE 6, 2007); (JUNE 13, 2007).
 "ISSUE PRESENTED FOR REVIEW AND ARGUMENT {¶ 13} "Does a juvenile court commit reversible error when it fails to appoint a guardian ad litem to represent a juvenile defendant's best interests when the record reveals that a conflict may have existed between the juvenile and her legal custodian?
 {¶ 14} "3. THE TRIAL COURT VIOLATED A.K.'s RIGHT TO COUNSEL AND TO DUE PROCESS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION, OHIO REVISED CODE SECTION 2151.352 AND JUVENILE RULES 3, 4, AND 29. (JUNE 13, 2007).
 "ISSUE PRESENTED FOR REVIEW AND ARGUMENT {¶ 15} "Does a trial court violate a defendant's right to counsel by failing to obtain a valid waiver of counsel or to appoint counsel where a defendant does not *Page 5 
waive such right?"
 {¶ 16} The State responds to the assignments of error as follows:
 {¶ 17} "Based on Juv. R. 29(D), In re C.S., 115 Ohio St.3d 267,2007-Ohio-4919, and this Court's decisions in In re J.T.C., Miami App. No. 06-CA-34, 2007-Ohio-436 and In re J.R.P., Clark App. No. 06-CA-135/07-CA-20, 2008-Ohio-989, the State concedes that the Clark County Juvenile Court failed to inquire as to whether A.K. understood the nature of the allegations on her rape charge. Based on this error, the State concedes that A.K.'s adjudication and commitment for rape must be reversed.
 {¶ 18} "The subsequent assignments of error that relate to A.K.'s parole violations and dispositions are rendered moot due to the reversal of the underlying offense."
 {¶ 19} The State has understandably conceded reversible error as to A.K.'s first assignment, and we agree with the State that this concession renders the second and third assignments moot.
 {¶ 20} The first assignment of error is sustained. The second and third assignments are overruled as moot.
 {¶ 21} A.K.'s adjudication for rape will be reversed, and her commitment to DYS will be vacated.
FAIN, J. and DONOVAN, J., concur.
Copies mailed to:
Amy M. Smith
Amanda J. Powell
 Hon. Joseph N. Monnin *Page 1