[Cite as *In re K.S.J.*, 2011-Ohio-2064.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

IN RE: K.S.J.                                    :

                                                 :          C.A. CASE NO.     24387

                                                 :          T.C. NO.     A2010-6521-01

                                                 :          (Civil appeal from Common
                                                               Pleas    Court,    Juvenile
                                                            Division)

                                                 :

                                                 :

                                    . . . . . . . . . .

                              **O P I N I O N**

              Rendered on the ____29th____ day of ____April____, 2011.

                                    . . . . . . . . . .

TIMOTHY J. COLE, Atty. Reg. No. 0084117, Assistant Prosecuting Attorney, 301 W.
Third Street, 5th Floor, Dayton, Ohio 45422
         Attorney for Plaintiff-Appellee

DANIEL E. BRINKMAN, Atty. Reg. No. 0025365, 2000 Liberty Tower, 120 W. Second
Street, Dayton, Ohio 45402
         Attorney for Defendant-Appellant

                                    . . . . . . . . . .

DONOVAN, J.

         {¶ 1}  Defendant-appellant K.S.J. appeals from a judgment of the Montgomery

County Court of Common Pleas, Juvenile Division, adjudicating him to be a delinquent and

ordering his commitment to the custody of the Ohio Department of Youth Services (DYS). K.S.J. contends that the trial court erred when it accepted his plea of delinquency but failed to afford him the right of allocution at his dispositional hearing. Additionally, K.S.J. argues that his plea was not made in a knowing and intelligent fashion because the court did not substantially comply with Juv. R. 29(D)(1) when it failed to ask him whether he understood the nature of the charges against him.

I

{¶ 2} K.S.J., who was seventeen years old at the time of disposition, was charged by complaint on July 27, 2010, with delinquency by reason of having committed an act, that if committed by an adult, would constitute aggravated robbery with a deadly weapon, in violation of R.C. 2911.01(A)(1), a felony of the first degree. The count also contained a firearm specification.

{¶ 3} The court appointed counsel for K.S.J. on July 28, 2010. On August 25, 2010, the court held an adjudicatory hearing during which K.S.J. tendered an admission to one count of aggravated robbery with a firearm specification. The court, having found that K.S.J. was a delinquent child by committing an act that if committed by an adult would constitute a first degree felony scheduled disposition for September 21, 2010. At the dispositional hearing, the court ordered K.S.J. to be committed to the custody of DYS for a mandatory three-year term for the firearm specification, prior to serving a minimum period of twelve months, the maximum period of commitment not to exceed the juvenile's attainment of twenty-one years. K.S.J. filed a timely notice of appeal with this Court on September 30, 2010.

II

{¶ 4} K.S.J.'s first assignment of error is as follows:

{¶ 5} "THE TRIAL COURT ERRED BY VIOLATING THE JUVENILE DEFENDANT'S CONSTITUTIONAL RIGHT OF ALLOCUTION PRIOR TO SENTENCING THE JUVENILE DEFENDANT TO THE DEPARTMENT OF YOUTH SERVICES FOR A MINIMUM OF FOUR YEARS."

{¶ 6} In his first assignment, K.S.J. argues that the trial court erred when it failed to afford him the "fundamental" right of allocution at the dispositional hearing on September 21, 2010. K.S.J. asserts that had he been able to express his remorse for the charged offense, the court may have imposed a more lenient sentence.

{¶ 7} Crim. R. 32(A)(1) states in pertinent part:

{¶ 8} "(A) *** At the time of imposing sentence, the court shall do all of the following:

{¶ 9} "(1) Afford counsel an opportunity to speak on behalf of the defendant and *address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.*" (Emphasis added).

{¶ 10} As the State correctly notes, the Ohio Rules of Criminal Procedure do not expressly provide an individual who has been adjudicated delinquent with a right of allocution during disposition. However, although a juvenile's right to allocute at disposition was not directly at issue in our prior decision of *In re R.B.*, Clark App. No. 2005-CA-94, 2006-Ohio-264, we specifically acknowledged that the delinquent "was

afforded his *right* of allocution" before the court committed him to DYS for a period of six months. From that statement, it is clear that we recognize that an adjudicated delinquent has a right of allocution before disposition. In the instant case, K.S.J. was committed to DYS for four years. It is unclear what effect, if any, a statement from K.S.J. would have had upon the court, but at the very least, he should have been afforded the opportunity to be heard, including an expression of remorse in an effort to potentially mitigate his punishment.

{¶ 11} In light of the foregoing, we hold that K.S.J.'s right to allocution was violated when the trial court did not personally address him and inquire as to whether he wished to make a statement on his own behalf. Accordingly, K.S.J.'s disposition is vacated, and the matter is remanded to allow K.S.J. to be heard prior to disposition.

{¶ 12} K.S.J.'s first assignment of error is sustained.

III

{¶ 13} K.S.J.'s second and final assignment of error is as follows:

{¶ 14} "K.S.J.'S ADMISSION WAS NOT MADE VOLUNTARILY WITH A FULL UNDERSTANDING OF THE NATURE OF THE ALLEGATIONS AS REQUIRED BY JUV. R. 29(D)(1)."

{¶ 15} In his final assignment, K.S.J. argues that the court did not substantially comply with the requirements of Juv. R. 29(D)(1) by failing to ask him whether he understood the nature of the allegations against him before he admitted to the complaint of aggravated robbery with a firearm specification. Upon review of the transcript of the adjudicatory hearing, we find that K.S.J.'s argument is without merit.

{¶ 16} A juvenile facing delinquency proceedings is entitled to due process of law, as guaranteed by the Ohio and United States Constitutions. *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, ¶71-73, 79, citing *In re Gault* (1967), 387 U.S. 1, 87 S.Ct. 1428. Like an adult's guilty plea, a juvenile's admission to an alleged offense implicates important procedural safeguards. A juvenile court must inquire carefully to ensure that an admission is entered voluntarily, intelligently, and knowingly. *In re J.R.P.*, 175 Ohio App.3d 481, 2008-Ohio-989, ¶32. Substantial compliance with procedural requirements is required. Id. For these purposes, "substantial compliance means that in the totality of the circumstances, the juvenile subjectively understood the implications of his plea." *In re C.S.* at ¶113.

{¶ 17} Juv.R. 29 contains the procedures for scheduling and conducting adjudicatory hearings in juvenile cases. Where a juvenile admits the allegations, as in the instant case, Juv.R. 29(D) requires the court to make certain findings, as follows:

{¶ 18} "[Juv.R. 29](D)   **Initial procedure upon entry of an admission**

{¶ 19} "The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:

{¶ 20} "(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;

{¶ 21} "(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing."

{¶ 22} At the adjudicatory hearing, the trial court engaged in the following exchange with K.S.J. and his appointed counsel:

**{¶ 23}** "The Court: *** [K.S.J.], as you know you always have the right – in addition to having an attorney with you in court, you always have the right to remain silent.

**{¶ 24}** "You did have the right to have this matter set for a hearing, and it was going to be set for a hearing. By entering this plea, you're basically telling me that you don't need a hearing, a trial, [or] adjudicatory hearing.

**{¶ 25}** "You have the right to have the witnesses who accuse you of this come forth and testify. You have the right to have your attorney cross-examine those witnesses.

**{¶ 26}** "You have the right to bring people in to testify on your own behalf in that case, and if they won't come in voluntarily, I could force them in by way of subpoena.

**{¶ 27}** "And finally, you always have the right to remain silent. Your attorney, prosecutor, your mother, myself, none of us could ever force you to testify against yourself.

**{¶ 28}** "By going forward today, though, you're giving up all those rights. Do you understand that?

**{¶ 29}** "K.S.J.: Yes, sir.

**{¶ 30}** "The Court: In other words, your mother, your attorney, myself, the detective you met with yesterday, the prosecutor, none of us have threatened you in any way to make you give up your constitutional rights?

**{¶ 31}** "K.S.J.: Yes, sir.

**{¶ 32}** "***

**{¶ 33}** "The Court: Mr. Deal [defense counsel], do you think you've had an opportunity to go over these different aspects of the plea agreement with your client?

**{¶ 34}** "Mr. Deal: Yes, I have, Your Honor.

{¶ 35} "The Court: Do you believe that he understands the totality of the plea agreement?

{¶ 36} "Mr. Deal: Yes, I do, Your Honor.

{¶ 37} "The Court: And do you believe he understands as a result of his admission he is definitely going to the Department of Youth Services, the only question is for how long, and I'll make that decision over the next three or four weeks.

{¶ 38} "And I understand you plan to prepare for the Court a sentencing memorandum regarding your position on the matter.

{¶ 39} "Mr. Deal: Yes, Your Honor.

{¶ 40} "The Court : K.S.J., I have in front of me a copy of the plea agreement. Did you have a chance to go over this document with your attorney?

{¶ 41} "K.S.J.: Yes, sir.

{¶ 42} "The Court: And did you either read it directly or did you go over with him and did he read it to you?

{¶ 43} "K.S.J.: He read it to me.

{¶ 44} "***

{¶ 45} "The Court: *** Mr. Deal, I know you went over this with your client. He's testified to the same, or at least stated that. Were you also with him when he signed the document?

{¶ 46} "Mr. Deal: Yes, I was, Your Honor.

{¶ 47} "The Court: And did he sign it voluntarily?

{¶ 48} "Mr. Deal: Yes, he did, You Honor.

{¶ 49} "The Court: Thank you. Counsel, I believe the document itself speaks for itself, but let's go over the charge and let's get his admission to the charge.

{¶ 50} "The charge is in this case, in case number 2010-6521, a one-count complaint of aggravated robbery with a firearm specification, K.S.J. *What that means is you are saying that on July 27, 2010, in Montgomery County and the state of Ohio, you did in attempting or committing a theft offense or in fleeing immediately after the attempt have deadly weapon, a handgun, on or about your person or under your control, or either recklessly displayed the weapon, brandished the weapon, indicated that you possessed the weapon or used the weapon. This is contrary to section 2911.01(A)(1) of the Ohio Revised Code, a felony of the first degree.*

{¶ 51} *"In addition, there's a firearm specification which I'm told you are admitting to, and that is, during the commission of this aggravated robbery, you did have a firearm on or about your person or under your control while committing the offense and displayed the weapon, brandished the firearm, indicated that you possessed the firearm, or used it to facilitate the offense, contrary to Section 2941.145 of the O.R.C.*

{¶ 52} "***

{¶ 53} "So, K.S.J., is it correct – I'm sorry, let me go back one more step. *I need to make sure you understand what the possible penalties are in terms of disposition. We talk about this so much in chambers, sometimes I forget to mention it to you on the record.*

{¶ 54} *"Because of the firearm specification, that means you have to go to DYS. On the underlying charge of the aggravated robbery, that means you will serve a minimum of one year to – to age 21.*

{¶ 55} "*Separate and apart from that, there is the gun specification, and this Court can issue a gun specification of either one, two, or three years, and that time would be – legally has to be served before you even begin serving the underlying minimum one year. In reality, that means the earliest possible date of discharge – if I give everything that your lawyer wants me to do, the minimum is one year. You could serve a minimum of four plus years, just so you understand.*

{¶ 56} "You lawyer is going to be filing a motion with me telling me you've done this great job of testifying, you're going to work with the State, and I should do the minimum. I'm not in any way guaranteeing you're getting that. I'm sure your lawyer has told you that is not the way I'm leaning. Do you understand that?

{¶ 57} "K.S.J.: Yes, sir.

{¶ 58} "The Court: So, probation is not a possibility in this case.

{¶ 59} "I could order a fine and costs, which I will not do. I will determine him to be indigent and waive any fine and costs, when we get to that point. I'm not doing it today, but just so you know what I could do.

{¶ 60} "The Court would have to order a DNA sample be taken and held because you've been found guilty of a felony.

{¶ 61} "Those are pretty much all my options. It comes down to, yes, DYS. How much time I'll decide next month. Do you understand that?

{¶ 62} "K.S.J.: Yes, sir.

{¶ 63} "The Court: Knowing all those different aspects of this case, the plea agreement worked out by your attorney, the final deal that was negotiated, the possible

penalty, do you wish today to admit responsibility for this aggravated robbery with a firearm specification?

**{¶ 64}** "K.S.J.: Yes, sir.

**{¶ 65}** "The Court: Has anyone forced you or threatened you to enter your admission today?

**{¶ 66}** "K.S.J.: No, sir.

**{¶ 67}** "The Court: Mr. Deal, do you believe your client understands the possible penalties that are looking over his shoulder?

**{¶ 68}** "Mr. Deal: Yes, I do, Your Honor.

**{¶ 69}** "The Court: And do believe that he has entered a voluntary admission?

**{¶ 70}** "Mr. Deal: Yes, I do, Your Honor.

**{¶ 71}** "The Court: Thank you.

**{¶ 72}** "***

**{¶ 73}** "The Court at this point will accept the plea agreement that been worked out between the parties. The Court does feel that he [K.S.J] understands his constitutional rights, which he has intelligently and voluntarily waived on the record.

**{¶ 74}** "I also believe he understands that charge, the totality of the plea agreement worked out on his behalf by his attorney with the State. The plea agreement is self-explanatory in – in many areas, and we went over every part of the plea agreement on the record with him. He's had the chance to speak to the plea agreement – speak to his lawyer about the plea agreement, and K.S.J. on the record has confirmed that on today's date, August 25th, 2010, he signed the plea agreement. His attorney has signed and the

prosecutor has signed, and she is in possession of the original." (Emphasis added).

{¶ 75} As indicated above, the trial court went to great efforts in order to insure that K.S.J. understood the nature of the allegations against him, as well as the penalties to which he would be subject. Upon review, the trial court adequately informed K.S.J. of the nature of the complaint and the consequences of an admission. The trial court reviewed the specific nature of the complaint with K.S.J. and specifically asked him if he understood that his admission would result in his commitment to DYS:

{¶ 76} "The Court: Knowing all those different aspects of this case, the plea agreement worked out by your attorney, the final deal that was negotiated, the possible penalty, do you wish today to admit responsibility for this aggravated robbery with a firearm specification?

{¶ 77} "K.S.J.: Yes, sir."

{¶ 78} In his merit brief, K.S.J. cites three cases from the Second District in support of his contention that the trial court did not substantially comply with Juv. R. 29(D)(1) when it addressed him at the adjudicatory hearing. *In re J.R.P.*, 175 Ohio App.3d 481, 2008-Ohio-989; *In re J.T.C.*, Miami App. No. 06-CA-34, 2007-Ohio-436; *In re Brandon M.*, Clark App. No. 2009-CA-48, 2009-Ohio-6579. In each of the cases cited by K.S.J., however, the trial court did not personally review the elements of the charge with the juvenile, nor did the court summarize the underlying facts of the case which provided the basis of the complaint. In the instant case, the trial court explained the parameters of the plea agreement, read the elements of the complaint for aggravated robbery and the firearm specification, and outlined all of the possible punishments. Moreover, during the

explanation, the court personally addressed K.S.J. and inquired whether he understood what the court had stated. In every instance, K.S.J. answered in the affirmative. Lastly, the court explained that in light of K.S.J.'s prior juvenile history, it was very unlikely that he would receive the minimum commitment.

{¶ 79} Considering the record before us, we conclude that the court substantially complied with its obligation pursuant to Juv. R. 29(D)(1) in order to determine whether K.S.J. understood the nature of the charges against him before he voluntarily and intelligently accepted the plea and admitted responsibility.

{¶ 80} K.S.J.'s second assignment of error is overruled.

IV

{¶ 81} K.S.J.'s first assignment of error having been sustained, the disposition is vacated, and this matter is remanded for a dispositional hearing wherein K.S.J. is afforded the right of allocution. In all other respects, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and FROELICH, J., concur.

Copies mailed to:

Timothy J. Cole
Daniel E. Brinkman
Hon. Anthony Capizzi