[Cite as *In re B.M.*, 2013-Ohio-1233.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

IN RE:                              :

                            :          Appellate Case No. 25237

         B.M.             :

                            :          Trial Court Case No. 2011-9523 OG/OH

                            :

                            :          (Juvenile Appeal from

                            :        Common Pleas Court)

                            :

                            :

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of March, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. #0069829, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
       Attorney for Appellee

TYLER D. STARLINE, Atty. Reg. #0078552, Finlay, Johnson & Beard, Ltd., 260 North Detroit Street, Xenia, Ohio 45385
       Attorney for Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1}     "Joseph"[1] appeals the adjudication-and-disposition order adjudicating him

---

[1] To enhance readability, we refer to the appellant, B.M., by this pseudonym.

delinquent for violating his parole, and committing him to the custody of the Department of Youth Services (DYS). We affirm the adjudication but vacate the disposition.

{¶ 2} In 2011, the juvenile court adjudicated Joseph (then 16 years old) a delinquent child for committing menacing by stalking. He was placed on probation. In January 2012, Joseph was charged with resisting arrest and with violating his probation by failing to observe his curfew and by failing to meet with his probation officer.[2] The juvenile court found that Joseph had resisted arrest and found that he had violated his probation as charged. The court committed Joseph to the custody of DYS.[3]

{¶ 3} In April 2012, the juvenile court granted Joseph judicial release from DYS and placed him on supervision. A few days after his release, Joseph was charged with violating the terms of his supervised release by failing to submit to electronic monitoring and by failing to provide a urine sample.[4] In May, the juvenile court held an adjudicatory hearing. Based on the testimony presented, the court found that Joseph had violated the terms of his release as charged. Immediately after the adjudication, the court ordered Joseph back into DYS's custody.

{¶ 4} Joseph appealed. He now presents three assignments of error for our review.

**Reliance on the Resisting-Arrest Adjudication**

---

[2] Joseph was also charged with two other offenses but these were later dismissed.

[3] Joseph appealed this adjudication and disposition. In December 2012, we concluded that the resisting-arrest finding was not supported by sufficient evidence. *In re B.M.*, 2d Dist. Montgomery Nos. 25093, 25206, 2012-Ohio-6221. We also concluded that the basis of the probation-violation finding was not clear—was it was based on the resisting-arrest finding, or on the finding that he violated his curfew and the finding that he failed to meet with his parole officer, or all of the above? We remanded for the trial court to determine, without considering the vacated resisting-arrest finding, whether Joseph violated his probation by either or both of the latter two findings.

[4] He was also charged with violating his curfew but this charge was later dismissed.

**{¶ 5}** The first assignment of error alleges that the juvenile court, in deciding to re-commit Joseph to DYS, erred by relying, at least in part, on the resisting-arrest adjudication, which Joseph alleges is erroneous. We will assume that the court was not allowed to rely on this adjudication, or the facts related to it. However, the record does not reflect that the court did rely on it. While the court said that it considered Joseph's "history," we do not think that the use of this word, by itself, indicates reliance on the previous adjudication or its related facts.

**{¶ 6}** The first assignment of error is overruled.

### The Right of Allocution Before Disposition

**{¶ 7}** The second assignment of error alleges that the juvenile court erred by not giving Joseph the opportunity to make a statement before disposition. The state concedes this error. And we agree that the court erred. "[A]n adjudicated delinquent has a right of allocution before disposition." *In re K.S.J.*, 2d Dist. Montgomery No. 24387, 2011-Ohio-2064, ¶ 10. Even if it is unclear whether a statement from the juvenile would have an effect, "at the very least, he should * * * be[] afforded the opportunity to be heard, including an expression of remorse in an effort to potentially mitigate his punishment." *Id*. The juvenile court here did not address Joseph personally and ask him whether he wanted to make a statement. This failure violated Joseph's right to allocution. *Compare id*. (holding the same).

**{¶ 8}** The remedy here is to vacate Joseph's disposition and remand this case to allow him to be heard before disposition.[5] *Compare id*. at ¶ 11 (doing the same).

---

[5] At oral argument, the State indicated the child has now served all of his time and is perhaps on some other supervision. Counsel for the appellant agreed. We realize that a remand for allocution may have no effective consequence but it is the correct manner to proceed.

{¶ 9}     The second assignment of error is sustained.

### The Adjudicatory Standard of Proof

{¶ 10}    The third assignment of error alleges that the juvenile court erred by failing to use the correct standard of proof to determine the issues of fact. Joseph contends that the court used the clear-and-convincing-evidence standard but should have used the beyond-a-reasonable-doubt standard. We conclude that the court used the latter standard.

{¶ 11}    The juvenile court's written order pertinently states only that the court finds that Joseph violated his supervision. In its oral ruling, the court pertinently said that based on the testimony presented at the hearing,

> the Court finds that *clearly*, [Joseph], who was, *without question*, belligerent
>
> and using foul language to his parole officer, his parole officer's supervisor,
>
> and really disrespectful to his grandmother, who is sitting there through the
>
> entire thing, that he left without permission, without providing a urine sample,
>
> and without having the electronic home monitoring device attached. Therefore,
>
> the Court finds that he is in violation of his terms and conditions of parole.

(Emphasis added.) (Tr. Vol. II 5).

{¶ 12}    Although the court did not say expressly which standard of proof it used, we presume, under the presumption of regularity, that it used the correct standard. *See In re Watson*, 47 Ohio St.3d 86, 91, 548 N.E.2d 210 (1989) (saying that "the trial court can be presumed to apply the law correctly"). Regardless of the standard that should have applied to Joseph's adjudication, the court's use of the words "clearly" and "without question" is consistent with the highest legal standard–proof beyond a reasonable doubt. Nothing in the

record suggests the use of a different standard.

{¶ 13}   The third assignment of error is overruled.

{¶ 14}   The adjudication part of the appealed order is affirmed. The disposition part of the order is vacated. This case is remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

FAIN, P.J. and FROELICH, J., concur.


Copies mailed to:

Mathias H. Heck
Michele D. Phipps
Tyler D. Starline
Hon. Nick Kuntz