[Cite as *In Re B.H.*, 2018-Ohio-3350.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: B.H. | : | APPEAL NOS. C-180108 |
| | | C-180109 |
| | : | TRIAL NOS. 17-5723Z |
| | | 17-5724Z |
| | : | |
| | : | *O P I N I O N.* |

Appeals From:  Hamilton County Juvenile Court

Judgments Appealed From Are:  Affirmed

Date of Judgment Entry on Appeal:  August 22, 2018

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Alex Scott Havlin*, Assistant Prosecuting Attorney, for Appellee State of Ohio,

The Office of the Ohio Public Defender and *Lauren Hammersmith*, Assistant Public Defender, for Appellant B.H.

**MYERS, Judge.**

{¶1}    Sixteen-year-old B.H. and two other juveniles forced their way into a man's vehicle at gunpoint and ordered him to drive to multiple ATM machines to withdraw money.  During the victim's hour-long ordeal, the juveniles joked about shooting and killing him.

{¶2}    In the ensuing proceedings before the juvenile court, B.H. admitted to conduct that, if committed by an adult, would have constituted aggravated robbery, kidnapping, and two firearm specifications of the type set forth in R.C. 2941.145.  As part of the plea bargain with the state, B.H. agreed to a seven-year period of commitment to the Department of Youth Services ("DYS"), consisting of concurrent one-year terms for the underlying offenses and two consecutive three-year terms for each of the firearm specifications.  In exchange for B.H.'s admissions and agreement on sentencing, the state withdrew its motions for relinquishment of jurisdiction to the general division of the common pleas court and dismissed a theft charge with accompanying firearm specifications.  B.H. now appeals.

*Firearm Specifications*

{¶3}    In his first assignment of error, B.H. argues that the juvenile court erred by committing him to DYS for three years on each firearm specification because he claims R.C. 2152.17(B)(1) prohibited the court from imposing more than a one-year commitment for each specification.  He contends that he could not be sentenced to a three-year firearm specification as a complicitor in the offenses where the record contained no evidence that he furnished, used, or disposed of the firearm involved in the offenses.

{¶4}    R.C. 2152.17 sets forth two ways that a child may be sentenced to a three-year period of commitment for a firearm specification:  "(1) as the principal offender, if he had 'displayed, brandished, indicated possession of, or used a firearm

to facilitate the offense' or (2) as a complicitor, if he had 'furnished, used or disposed of' the gun used by the principal." *In re E.B.*, 1st Dist. Hamilton No. C-150351, 2016-Ohio-1507, ¶ 16.

{¶5} If the juvenile court determines that a child would be guilty of a specification of the type set forth in R.C. 2941.145 because the child "displayed, brandished, indicated possession of, or used a firearm to facilitate the offense," the court must commit the child to DYS for the specification "for a definite period of not less than one and not more than three years." R.C. 2152.17(A)(2). However, a juvenile who is determined to be merely "complicit in another person's conduct that is of such a nature that the other person would be guilty of a specification of the type set forth in" R.C. 2941.145, may receive no more than one year on the specification if the juvenile "did not furnish, use or dispose of any firearm that was involved with the underlying delinquent act." R.C. 2152.17(B)(1); *see E.B.* at ¶ 15.

{¶6} B.H. argues that the court erred by sentencing him to three years on each firearm specification because he was only an accomplice. He contends that, without evidence that he furnished, used, or disposed of the firearm involved in the offenses, the court was limited by R.C. 2152.17(B)(1) to committing him to only one year in DYS for each of the specifications. He points to the prosecutor's statement at the adjudication hearing that two other individuals had been the principal actors:

> The main actor in this case, codefendant [E.S.], being in the front seat with the firearm while defendant was in the back passenger's seat, and there was an unidentified subject behind the victim [driver] holding a gun to him.

{¶7} However, as part of his plea agreement, B.H. admitted to the following facts from the complaints as read by the prosecutor:

> As far as the facts on the kidnapping with gun specifications, [B.H.] * * * did by force, threat, or deception knowingly restrain our

3

victim, [C.P.] of his liberty under circumstances which created a substantial risk of physical harm to [C.P.], while at the same time having on his possession a firearm and brandishing that firearm.

In addition, your Honor, the aggravated robbery charges, same child * * *, while committing a theft offense did have a deadly weapon under his control and displayed such weapon.

Same with the gun specifications, at some point in the interaction he did have a firearm on him and did have that firearm brandished.

{¶8} A juvenile's admission in a delinquency case is an admission of the facts contained in the complaint and is a waiver of the juvenile's right to challenge those factual allegations. *State v. Penrod*, 62 Ohio App.3d 720, 723, 577 N.E.2d 424 (9th Dist.1989); *In re J.R.P.*, 175 Ohio App.3d 481, 2008-Ohio-989, 887 N.E.2d 1222, ¶ 32 (2d Dist.). Therefore, since B.H. admitted to the allegations that he had, in committing the underlying offenses, displayed and brandished a firearm, B.H. waived his right to challenge those allegations on appeal. *See In re Flynn*, 101 Ohio App.3d 778, 781, 656 N.E.2d 737 (8th Dist.1995); *In re Pope*, 1st Dist. Hamilton No. C-010306, 2002 WL 91525, *2 (Jan. 25, 2002).

{¶9} By accepting B.H.'s admissions, the court necessarily "determine[d] that the child would be guilty of a specification of the type set forth in" R.C. 2941.145, and was required by R.C. 2152.17(A)(2) to commit B.H. for each firearm specification for a definite period of at least one year and not more than three years. Moreover, as part of the plea deal, B.H. agreed to the seven-year commitment, specifically to three years for each of the firearm specifications. For the reasons above, we hold that the juvenile court did not err by committing B.H. to DYS for three years on each firearm specification. We overrule the first assignment of error.

### *Double Jeopardy and Equal Protection*

{¶10} In his second and third assignments of error, B.H. argues that the juvenile court erred by imposing commitments for multiple firearm specifications because R.C. 2152.17(E) violates a child's rights to equal protection and to be free from double jeopardy. We overrule these assignments of error on the authority of our recent decision in *In re D.L.*, 1st Dist. Hamilton Nos. C-170152, C-170153 and C-170154, 2018-Ohio-2161.

### *Effective Assistance of Counsel*

{¶11} In his fourth assignment of error, B.H. argues that he was denied the effective assistance of counsel where counsel failed to argue that B.H. should not have been committed for three years on each of the firearm specifications where he was not the primary actor in the offenses. To establish ineffective assistance of counsel, the defendant must demonstrate that counsel's performance was deficient, and that she or he was prejudiced by counsel's deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 143, 538 N.E.2d 373 (1989). Our review of counsel's performance must be highly deferential. *Strickland* at 689.

{¶12} Because B.H. admitted to the complaints' allegations that he had displayed and brandished a firearm, B.H. cannot now complain that counsel should have argued that he was merely an accomplice for purposes of sentencing on the firearm specifications. And while B.H. does not challenge counsel's performance with respect to the plea bargain itself, we are convinced that it was a reasonable strategy for defense counsel to recommend that B.H. enter the plea in exchange for the state's agreement to keep the case in the juvenile court and to dismiss the remaining charges.

{¶13} In addition, B.H. argues that counsel was ineffective for failing to raise the constitutional issues set forth in his second and third assignments of error. However, where no constitutional violations occurred, we cannot say that counsel was ineffective for failing to object on those grounds. *See D.L.* at ¶ 23. We overrule the fourth assignment of error.

{¶14} Having overruled B.H.'s assignments of error, we affirm the judgments of the juvenile court.

Judgments affirmed.

**MOCK, P.J.**, and **ZAYAS, J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.